Gerald ASCH, Appellant,

v.

Sharon Rae TAVERES, Appellee.

No. 83–84.

District of Columbia Court of Appeals.

Submitted Aug. 23, 1983.

Decided Oct. 17, 1983.

---

Albert Ginsberg, Silver Spring, Md., was on brief for appellant.

Morris Kletzkin and Resa J. Toplansky, Washington, D.C., were on brief for appellee.

Before MACK and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

TERRY, Associate Judge:

■ Appellant contends that the trial court abused its discretion in denying his motion to dismiss appellee's suit on the ground of *forum non conveniens*.[1] We hold that, assuming the court can exercise personal jurisdiction over appellant,[2] its ruling was not an abuse of discretion.

---

1. In this jurisdiction, a trial court's denial of a motion to dismiss on the ground of *forum non conveniens* is an appealable order. *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810, 811–813 (D.C.1974); *accord, Arthur v. Arthur,* 452 A.2d 160, 162 (D.C.1982).

2. Appellant also contests the trial court's denial of his motion to dismiss for lack of personal jurisdiction. We held in *Crown Oil & Wax Co. v. Safeco Insurance Co.,* 429 A.2d 1376, 1379 (D.C.1981), that the denial of such a motion is not a final order and therefore is not appealable. Accordingly, we cannot now consider appellant's claim that the trial court lacked personal jurisdiction over him. The question is not without difficulty, however, and the trial court may wish to take another look at it before proceeding to a disposition on the merits.

We note that appellant did not seek leave to appeal under D.C.Code § 11–721(c) (1981) from the order rejecting his jurisdictional claim. That statute permits appeals to be taken from certain interlocutory orders in civil cases in the discretion of this court, upon certification by the trial court. Had appellant sought such leave, in all likelihood it would have been granted, since part of the case was here in any event as a matter of right under *Frost v. Peoples Drug Store, Inc., supra* note 1. When it appears that litigation in the trial court will have to be suspended pending the outcome of an interlocutory appeal of right, the better practice is usually to seek leave under section 11–721(c) to appeal from any other interlocutory ruling which, in the words of the statute, "involves a controlling question of law as to which there is substantial ground for a difference of opinion ...." The two appeals can

## I

The parties were married in Maryland in 1966 and voluntarily separated in 1975. Several months later they entered into a separation agreement which provided for, *inter alia,* the custody and support of their minor son Justin. In 1977, when the parties were granted an absolute divorce in Maryland, the court ratified their previously executed separation agreement.

Some time thereafter, appellee and her son moved to the District of Columbia, and appellant moved to Virginia. In October 1982 appellee filed suit against appellant in the Superior Court, alleging that since the preceding February appellant had reduced the amount of child support payments in violation of the separation agreement. Appellant moved to dismiss the complaint on the grounds of lack of personal jurisdiction and *forum non conveniens.* The court denied the motion on both grounds.

## II

 The decision to grant or deny a motion to dismiss on the ground of *forum non conveniens* is committed to the sound discretion of the court and will not be overturned absent a clear abuse of discretion. *Cockrell v. Cumberland Corp.,* 458 A.2d 716, 718 (D.C.1983); *Arthur v. Arthur, supra* note 1, 452 A.2d at 161; *Cohane v. Arpeja-California, Inc.,* 385 A.2d 153, 156 (D.C.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). The defendant bears a heavy burden in seeking dismissal on the ground of *forum non conveniens, Deupree v. Le,* 402 A.2d 428, 429 (D.C.1979); *Consumer Federation of America v. Upjohn Co.,* 346 A.2d 725, 730 (D.C.1975), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

then be consolidated, and the "controlling question of law" can be resolved expeditiously by this court before trial.

 In ruling on a motion to dismiss on the ground of *forum non conveniens,* a trial court must consider both the private interest of the litigant and the public interest. *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 508, 67 S.Ct. at 843; *Washington v. May Department Stores,* 388 A.2d 484, 486 (D.C. 1978); *Cohane v. Arpeja-California, Inc., supra,* 385 A.2d at 156. "Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; [and] evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of forum," while public interest considerations "include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction." *Carr v. Bio-Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1092 (D.C. 1976) (citations omitted).

Applying the doctrine of *forum non conveniens* to a suit for maintenance, the court said in *Curley v. Curley,* 74 App.D.C. 163, 165, 120 F.2d 730, 732, *cert. denied,* 314 U.S. 614, 62 S.Ct. 114, 86 L.Ed. 494 (1941):

[T]he public policy of the District of Columbia does not require its courts to take jurisdiction of a matrimonial dispute between two persons who are neither domiciled in the District nor even residents thereof; especially where there is no showing that the welfare of children, rights of property, or other public interests, in the District are in any way affected. [Footnote omitted.]

Following this pronouncement, absent unusual circumstances [3] which are not present here, we have upheld trial court dismissals based on *forum non conveniens* in cases involving non-residents domiciled elsewhere. *Haynes v. Carr,* 379 A.2d 1178 (D.C.

3. *See Dorati v. Dorati,* 342 A.2d 18 (D.C.1975); *Wilburn v. Wilburn,* 192 A.2d 797 (D.C.1963).

1977); *Clark v. Clark,* 144 A.2d 919 (D.C. 1958); *see Simons v. Simons,* 88 U.S.App. D.C. 180, 187 F.2d 364, *cert. denied,* 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374 (1951). On the other hand, we have held "that only under convincing circumstances . . . should a trial court in this jurisdiction dismiss on grounds of forum non conveniens a suit brought by a resident of the District of Columbia." *Washington v. May Department Stores, supra,* 388 A.2d at 487. Although we have declined to adopt "any per se rule which would prohibit application of the doctrine of forum non conveniens whenever one of the parties is a District of Columbia resident," *Carr v. Bio-Medical Applications, supra,* 366 A.2d at 1093, we have also recognized that a plaintiff's residence in this jurisdiction is "an important factor to be considered" in any *forum non conveniens* decision. *Id.*

Appellant is a Virginia resident. Appellee and her son are District of Columbia residents. The separation agreement was entered into in Maryland, and its provisions specifically call for Maryland law to apply to questions regarding its validity, enforcement, and interpretation.

■ Applying the factors relevant to the private interest of the litigant, we find that, unlike the plaintiffs in *Haynes* and *Clark,* appellee is a District of Columbia resident. This factor, while not dispositive, is certainly entitled to considerable weight. *Washington v. May Department Stores, supra.* The child for whom support is sought is also a District of Columbia resident. *See Curley v. Curley, supra,* 74 App.D.C. at 165, 120 F.2d at 732. There is no indication from the record that access to proof or availability of witnesses will be a problem, or that appellee brought suit for the purpose of harassing or vexing appellant.

With respect to the public interest, it is true that Maryland law will govern any questions relating to the enforcement or interpretation of the separation agreement. Our courts, however, are not unfamiliar with the law of Maryland, *see Crown Oil &*

*Wax Co. v. Safeco Insurance Co., supra* note 1, 429 A.2d at 1381; *Washington v. May Department Stores, supra,* 388 A.2d at 487, and there would appear to be no great difficulty in the application of that law to the particular agreement involved in this case. *See generally Owen v. Owen,* 427 A.2d 933, 937 (D.C.1981). Furthermore, the public policy of the District of Columbia, of which the court spoke in *Curley v. Curley, supra,* would certainly favor the exercise of jurisdiction by its courts in a case brought by a District of Columbia resident for the support of her resident minor child.

Considering all of these factors, and finding no "convincing circumstances"[4] which would justify dismissal of this suit brought by a District of Columbia resident, we hold that the trial court did not abuse its discretion in denying appellant's motion to dismiss on the ground of *forum non conveniens.* Accordingly, the order of the Superior Court from which this appeal is taken is

*Affirmed.*

---

**4.** *Washington v. May Department Stores, su-* *pra,* 388 A.2d at 487.