Nicole DuPont
**DeMONTMORIN, Appellant,**

v.

**Edmund R. DuPONT, Appellee.**

**No. 83–1329.**

District of Columbia Court of Appeals.

Argued Oct. 19, 1984.

Decided Nov. 30, 1984.

---

Daniel G. Grove, Washington, D.C., for appellee. Carol A. Joffe, Washington, D.C., was on brief for appellee.

Before FERREN, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellant contends the trial court abused its discretion in granting appellee's motion to dismiss her petition for support under the doctrine of *forum non conveniens*. Upon review of the record we hold that the trial court abused its discretion; we therefore reverse the trial court's order and remand the case for reinstatement of appellant's support petition.

## I.

The parties, Nicole DuPont DeMontmorin (hereinafter appellant) and Edmund DuPont (hereinafter appellee) were divorced by decree in the District of Columbia on February 6, 1979. The divorce decree ratified and affirmed a separation agreement between the parties; the agreement was not merged into the decree of divorce, but survived the decree. The separation agreement provided that appellee was to pay child support to appellant for the three then minor children of the parties. Thereafter appellant, now living in New York with the youngest child (the older two are living and studying abroad), brought a "Petition for Support" in the District of Columbia alleging that appellee "has failed, neglected and refused to provide any support or other subsistence for the three minor children as he is well able to do and in spite of a specific agreement to do so." This petition was filed on May 4, 1983. Thereafter, on or about June 13, 1983, appellee, a resident of the District of Columbia, moved to dismiss the petition for *forum non conveniens*, asserting that on May 11, 1983 he filed suit in New York to enforce his visitation rights under the separation agreement and further asserting that the New York

Michael H. McConihe, Washington, D.C., with whom Jeffrey S. Weintraub, Washington, D.C., was on brief, for appellant.

suit would necessarily involve issues of support.[1]

Appellant opposed the motion to dismiss, asserting that the sole issue before the District of Columbia court was support as set forth in her petition seeking back support due under the separation agreement, and that appellee's New York suit was a "totally separate and distinct action."

Thereafter, the trial court, in a hearing on September 7, 1983, granted the motion to dismiss. The trial court, in the hearing and by written order dated October 14, 1983, found that: (1) the visitation action pending in New York could not avoid the issue of support;[2] (2) appellee had completely submitted himself to the jurisdiction of the New York courts; (3) appellant would suffer no prejudice by dismissal; (4) appellee would suffer prejudice because it would be exceedingly difficult for him to enforce a District of Columbia visitation order in New York; and (5) duplicitous litigation would result if the motion were not granted. The trial court thus concluded that "[w]hile the District of Columbia is a *convenient forum*, bifurcation of this case would simply go against logic and common sense" (emphasis added).

Several days later, on October 19, the parties, in New York, agreed to a stipulated settlement of appellee's visitation rights; appellee's attorney in that proceeding informed the New York court that the stipulation read into the record settled "the issues and matters presented in this action...." No mention of support was made in the proceeding.

## II.

■■■■■ "The decision to grant or deny a motion to dismiss on the ground of *forum*

1. Appellee did not provide the trial court with a copy of the complaint filed in New York in order to substantiate his assertion that support was at issue in the New York suit.

2. Counsel for appellee asserted at the hearing that appellee had requested the New York court to determine his support obligations for the period he had been denied visitation. Under

*non conveniens* is committed to the sound discretion of the [trial] court, and will not be overturned absent a clear abuse of discretion." *Asch v. Taveres*, 467 A.2d 976, 978 (D.C.1983). A defendant seeking dismissal on the basis of *forum non conveniens*, has a heavy burden, *id;* " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)). The trial court, when ruling on a motion to dismiss for *forum non conveniens*, must take into account the private interest of the litigant and the public interest. *Asch v. Taveres, supra*, 467 A.2d at 978; *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 156 (D.C.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978).

> Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; [and] evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of forum, while public interest considerations include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws on another jurisdiction.

*Asch v. Taveres, supra*, 467 A.2d at 978 (citing *Carr v. Bio-Medical Applications of Washington, Inc.*, 366 A.2d 1089, 1092 (D.C.1976) (citations omitted)).

New York law, child support payments may be suspended if a custodial parent interferes with the visitation rights of a non-custodial parent. *Hudson v. Hudson*, 412 N.Y.S.2d 242, 244, 97 Misc.2d 558 (1978). The law in the District of Columbia is to the contrary. *Norton v. Norton*, 298 A.2d 514, 515 (D.C.1972); *Edmonds v. Edmonds*, 146 A.2d 774, 776 (D.C.1958).

■ With regard to the private interests, the trial court found that New York has the greatest number of contacts in this case. We cannot agree. While it is true that appellant and her children reside in that state, appellee resides in the District of Columbia. Further, the separation agreement was entered into in the District and was ratified and affirmed by the District of Columbia court. This jurisdiction treats separation agreements as contracts, *Owen v. Owen*, 427 A.2d 933, 937 (D.C. 1981); and, in determining issues arising in contracts, applies the law of the jurisdiction with the more substantial interest in the litigation. *Id.; Fowler v. A&A Co.*, 262 A.2d 344, 348 (D.C.1970). Where, as here, a District of Columbia resident is alleged to be in violation of a separation agreement entered into in the District, we would apply the law of the District; thus New York does not have the greater interest in this litigation and the trial court erred in holding otherwise.

The trial court also found that appellee would suffer great prejudice by litigating his visitation claim in the District because of the difficulty of enforcing a District of Columbia visitation order in New York. But appellee has not demonstrated that he need drop his New York visitation suit if appellant's support suit is allowed to go forward here. Appellant's verified petition filed herein demonstrated that, contrary to the trial court's finding, the action here was for support and did not involve visitation; this jurisdiction could not prevent appellee from continuing his visitation suit in New York. The trial court relied on the mere assertion of counsel for appellee that the support and visitation issues were interdependent in the New York suit. Although appellee had the heavy burden to demonstrate *forum non conveniens, Deupree v. Le*, 402 A.2d 428, 429 (D.C.1979), he introduced nothing to support the bare assertion of counsel that the support and visitation issues were both going to be litigated in New York. Indeed, the record demonstrates that the parties entered a stipulated settlement in New York regarding visitation without so much as mentioning any problem with either accrued or future support payments under the separation agreement. The stipulation in the New York proceedings, which appellee's attorney informed the New York court "settled and disposed of" the "issues and matters presented in this action," strongly suggests that the issue of support was in fact never at issue in the New York proceeding.

Finally, there was no showing by appellee and no finding by the trial court that appellant's suit was brought to harass or vex appellee. Appellee is a District of Columbia resident and appellant sought to enforce a separation agreement executed, ratified, and affirmed in the District. It seems to us only natural that appellant should seek to use our courts to enforce a separation agreement executed here, against a District resident, especially where the issue of enforcement of money arrearages is at issue and appellee's assets are here. *Compare Frost v. Peoples Drug Store*, 327 A.2d 810, 815 (D.C.1974) (in suit for false arrest arising in Arlington, trial court did not abuse its discretion in denying motion to dismiss for *forum non conveniens* where necessary codefendant, not subject to service of process in Virginia, had all of its records and assets in District), *with Haynes v. Carr*, 379 A.2d 1178, 1180 (D.C.1977) (suit to enforce separation agreement entered into in Maryland, both parties Maryland residents, children reside in Maryland, only contact with District was defendant's employment, no abuse of discretion to dismiss action for *forum non conveniens*).

Turning to the public interests involved, this is not a case which would crowd the District docket with foreign litigation. *Asch v. Taveres, supra.* We reiterate that appellee is a resident of the District and the separation agreement was executed here. District of Columbia law will apply. *Owen v. Owen, supra.* We believe the public policy of the District of Columbia, which favors the exercise of jurisdiction in

a case brought by a District of Columbia resident to enforce a Maryland separation agreement against a Virginia resident, *Asch v. Taveres, supra,* 467 A.2d at 979, equally favors the exercise of jurisdiction in a suit to enforce a District separation agreement, against an alleged non-paying District of Columbia resident.

The trial court's main concern was that duplicitous litigation would result if the motion to dismiss was denied. So far as the record indicates, the trial court's fear of duplicitous litigation was based primarily, if not solely, upon the assertion of counsel for appellee that visitation and support were at issue in New York. But there is simply nothing in the record to support this assertion and, in fact, subsequent events suggest that support was not at issue in New York. Even if appellee did bring a later action in another jurisdiction which involved support, the pendency of an action in another jurisdiction is no bar to proceeding in an action in the District. *Archuleta v. Archuleta,* 345 A.2d 157, 158 (D.C.1975).

■ Thus, considering all the factors, including the private interests of the litigants and the public interest, we hold the trial court abused its discretion in dismissing, on the ground of *forum non conveniens,* a suit against a District of Columbia resident to enforce the obligation of child support allegedly due under a District of Columbia separation agreement. "[N]ormally the plaintiff's choice of forum will be honored unless it would be uniquely inconvenient for the trial to be prosecuted there." *Consumer Federation of America v. Upjohn Co.,* 346 A.2d 725, 732 (D.C.1975). The record herein supports the trial court's finding that the District of Columbia is a convenient forum; it does not support the trial court's inconsistent decision, without findings, to dismiss the action for *forum non conveniens.*

Accordingly, the judgment below is reversed and the case remanded.