Joseph Glenn SARTORI, Appellant,

v.

**SOCIETY OF AMERICAN MILITARY ENGINEERS, et al., Appellee.**

No. 84–1298.

District of Columbia Court of Appeals.

Argued March 28, 1985.

Decided Oct. 24, 1985.

Calvin Steinmetz, Washington, D.C., for appellant.

William Cummings, Alexandria, Va., for appellee.

* Associate Judge Newman concurs in the result only.

Before NEWMAN * and ROGERS, Associate Judges, and REILLY, Chief Judge, Retired.

ROGERS, Associate Judge:

Appellant appeals the dismissal of his suit against appellee on the grounds of *forum non conveniens*. We remand.

### I

On June 1, 1984, appellant filed a complaint in the District of Columbia alleging employment discrimination by appellee Society of American Military Engineers (SAME) and SAME's Executive Director, Brigadier General Walter O. Bachus, in violation of the District of Columbia Human Rights Act, D.C. Code §§ 1–2501, –2557 (1981). Appellant, a resident of Virginia, was hired in the District of Columbia in 1975 by SAME, a District of Columbia corporation, and worked for SAME in the District of Columbia until it moved its headquarters to Virginia in 1980. The complaint alleged that as a result of statements by appellant which were published in the *Alexandria* (Virginia) *Packet* on August 25, 1983, he was fired by SAME on September 21, 1983, because of his sexual orientation.

SAME filed an answer on June 26, 1984, that the D.C. Superior Court lacked jurisdiction over it, that the complaint failed to state a cause of action, and that the firing was not discriminatory. General Bachus filed a motion to dismiss on the grounds that the Superior Court lacked jurisdiction under the long-arm statute, D.C. Code § 13–423(a)(1) (1981), since he was a Virginia resident sued in his official capacity and none of the acts of which appellant complains had occurred in the District of Columbia. On August 15, 1984, prior to any further action in the litigation, the first motions judge *sua sponte* ruled that the District of Columbia is not a proper forum, and ordered the complaint to be dismissed on the grounds of *forum non conveniens*.

Thereafter, appellant filed a motion for reconsideration and to reinstate the complaint against SAME only. On September 7, 1984, SAME and Bachus (appearing specially) filed an opposition to the motion to reconsider and a motion to dismiss on the grounds of *forum non conveniens*. Appellant filed a response on September 11, 1984, and on the same date, without a hearing, the second motions judge denied the motion to reconsider.

## II

Appellant argues on appeal that the first motions judge abused his discretion in dismissing the complaint on the grounds of *forum non conveniens*. He contends that this court has held repeatedly that the plaintiff's choice of forum should rarely be disturbed absent a showing that the balance of equitable considerations is strongly in the defendant's favor, *Crown Oil & Wax Co. v. Safeco Insurance Co. of America*, 429 A.2d 1376, 1380 (D.C.1983); *Asch v. Taveres*, 467 A.2d 976, 978 (D.C.1983), and no such showing has been made. He points out that he seeks to have District of Columbia courts apply a District of Columbia statute to a District of Columbia corporation and that SAME's Virginia office is in nearby Alexandria, Virginia. Thus, its witnesses are subject to Superior Court compulsory process, D.C.Super.Ct.Civ.R. 45(e)(1) (1981), and, he contends, the expenses of the litigation are not increased by his choosing to proceed in the District of Columbia. Further, he argues that the case is not complex and would not unduly congest the court's docket. He noted that SAME did not object to having the case heard in the District of Columbia.

Appellant also contends that the first motions judge abused his discretion by ruling without the benefit of briefing or oral argument, and by issuing a conclusory order that did not discuss the necessary factors or address the private and public interests. He does not mention the denial of his motion for reconsideration by the second motions judge except to comment that it is not the order from which he appeals.

■ "When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just." D.C. Code § 13-425 (1981). In view of the broad discretion which is vested in the trial court, this court has held that a trial court's determination of *forum non conveniens* will be reversed only where there has been a clear abuse of discretion. *Asch v. Taveres*, *supra*, 467 A.2d at 978. That determination is nevertheless subject to an independent evaluation by this court of the private and public interests described in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *See*, *e.g.*, *DeMontmorin v. DuPont*, 484 A.2d 582, 585-86 (D.C.1984); *Asch v. Taveres*, *supra*, 467 A.2d at 978; *Cohane v. Arpeja-California, Inc.*, 385 A.2d 153, 156 (D.C.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). Either the private or the public interest may be dispositive when the parties and the court have not already expended time and effort preparing for trial. *See Crown Oil Co. v. Safeco Insurance Co. of America*, *supra*, 429 A.2d at 1381 (citing *Cohane v. Arpeja-California, Inc.*, *supra*, 385 A.2d at 157). As summarized in *Carr v. Bio-Medical Applications of Washington, Inc.*, 366 A.2d 1089, 1092 (D.C.1976) (citations omitted):

Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; [and] evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum ... [while] public interest considerations include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation;

and the inappropriateness of requiring local courts to interpret the laws on another jurisdiction.

A defendant seeking dismissal on the basis of *forum non conveniens* has a heavy burden, *Asch v. Taveres, supra,* 467 A.2d at 978, " 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Id.* (quoting *Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 508, 67 S.Ct. at 843). Although appellant's underlying litigation is based on activities which occurred in Virginia, SAME has not alleged that the District of Columbia courts were chosen by appellant to vex or harass. Indeed, as a District of Columbia corporation, it could hardly argue that this is not a forum in which it expects litigation, D.C. Code §§ 29–304, –312 (1981), and hence, is an inconvenient forum. On the other hand, *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810, 815 (D.C.1974), pointed out that "it is sufficient for *forum non conveniens* purposes to show that a corporation ... is amenable to process where the cause of action arose," and SAME is subject to process in Virginia.

However, insofar as the public interests are concerned, the single issue presented by the underlying litigation, whether the District of Columbia Human Rights Act is applicable to a corporation organized under the laws of the District of Columbia with headquarters elsewhere, a closer question is presented. We think it can fairly be argued that the litigation would not be unduly burdensome on our courts precisely because this community has a legitimate interest in providing a forum for the enforcement of its laws to District of Columbia corporations. *See* D.C. Code §§ 29–

312, 399.16(4), (5) (1981). It is undoubtedly desirable, and may be preferable, for District of Columbia courts to interpret District of Columbia law. *See Gulf Oil Corp. v. Gilbert, supra,* 330 U.S. at 509, 67 S.Ct. at 843 (preference for court familiar with the governing law to decide). This seems particularly so where, as here, a question is one of first impression and foreign courts usually would defer to our interpretation, notwithstanding the fact that the intent of the Council of the District of Columbia, which is set forth in the Human Rights Act [1] and its legislative history, is available to any court, and the burden placed on courts which must apply the law of another jurisdiction is neither unfamiliar nor inappropriate. *See Asch v. Taveres, supra,* 467 A.2d at 979; *Crown Oil & Wax Co. v. Safeco Insurance Co. of America, supra,* 429 A.2d at 1381; *Washington v. May Department Stores,* 388 A.2d 484, 487 (D.C. 1978); *see also Nee v. Dillon,* 99 U.S.App. D.C. 332, 334, 239 F.2d 953, 955 (1956). Indeed, we observed in *Washington v. May Department Stores, supra,* 388 A.2d at 487, albeit where the plaintiff was a District of Columbia resident, that some matters are of vital local interest although they happen to arise in a nearby jurisdiction.[2] Further, the emphasis by the courts of this jurisdiction on "the public interest considerations in applying the doctrine of *forum non conveniens* to situations in which the plaintiff's choice of forum was between a District of Columbia court and a court of equivalent jurisdiction in one of the counties in the Metropolitan Area." *Carr v. Bio-Medical Applications of Washington, Inc., supra,* 366 A.2d at 1092 (citations omitted), has tended to arise when the law of another jurisdiction governed the par-

---

1. D.C. Code § 1–2501 (1981) provides:
   It is the intent of the Council of the District of Columbia, in enacting this chapter, to secure an end in the District of Columbia to discrimination for any reason other than that of individual merit, including, but not limited to, discrimination by reason of race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, family responsibilities, matriculation, political affiliation, physical handicap, source of income, and place of residence or business.

2. In *Washington v. May Department Stores, supra,* we commented that "this community is vitally interested in a dispute between one of its residents and a defendant corporation which is well recognized and respected in the District of Columbia." 388 A.2d at 487.

ties' dispute. *See id.* at 1093. *See also Frost v. Peoples Drug Store, Inc., supra,* 327 A.2d at 815.

In any event, even were we to conclude on the record before us that the first motions judge erroneously exercised his discretion because the record before him was inadequate, *see Johnson v. United States,* 398 A.2d 354, 363–65 (D.C.1979), we must still determine whether the totality of the circumstances indicates that appellant was deprived of a meaningful determination. *Id.* at 366. Appellant has included his motion for reconsideration in his designation of the record on appeal. Although he does not appeal from the denial of that motion, upon review of the record which is before us, we conclude that we must necessarily also consider whether the second motions judge abused her discretion.

Appellant filed a motion for reconsideration of the order of dismissal and additional information came to light in SAME's opposition to the motion for reconsideration. SAME asserted that not only was another forum available but appellant had filed an identical suit against it in Virginia on June 6, 1984, five days after he had filed the underlying lawsuit in the District of Columbia. *Sartori v. SAME, et al.,* Law No. 9008, Circuit Court of the City of Alexandria, Virginia. A trial date had been set for November 8, 1984, and pretrial discovery had commenced. SAME argued that all the private interests are based wholly in Virginia where appellant has availed himself of judicial protection. Since the only District of Columbia contact in the underlying litigation is that SAME is a District of Columbia corporation, SAME contended that the public interests likewise favor continuing the Virginia case, and that the dismissal by the first motions judge was proper.[3] In reply appellant asserted that the two lawsuits are not identical since the District of Columbia case is based solely upon a violation of the District of Colum-

bia Human Rights Act while the Virginia case is for wrongful discharge in tort and contract, estoppel, defamation, and intentional infliction of emotional distress. He maintained that District of Columbia courts have an interest in interpreting the District's statute and its applicability to a corporation incorporated under the District's laws and observed that "[o]therwise, the Commonwealth of Virginia will be the one interpreting the D.C. Act."

■ The availability of another forum and the pendency of litigation in another jurisdiction are among the proper factors for the court to consider in determining whether to dismiss a plaintiff's lawsuit on the grounds of *forum non conveniens. See Carr v. Bio-Medical Applications, supra,* 366 A.2d at 1092–93; *Frost v. Peoples Drug Store, Inc., supra,* 327 A.2d at 815–16. In evaluating the availability of another forum, *Crown Oil & Wax Co. v. Safeco Insurance Co. of America, supra,* 429 A.2d at 1381, suggests that this court did not favor splitting a cause of action. There, we affirmed the denial of a motion to dismiss for *forum non conveniens* although foreign law would be applied to a foreign corporation, and the action otherwise could have been tried in more than one forum. The court has recognized that when litigation has proceeded in the forum the *Carr* factors are no longer dispositive, *id.* at 1381, and further that the balance may weigh against the plaintiff when directly related litigation has proceeded in another forum. *See Frost v. Peoples Drug Store, Inc., supra,* 327 A.2d at 815. *See also Forgotson v. Shea,* 491 A.2d 523, 525–28 (D.C.1985) (dismissal for *forum non conveniens* affirmed where plaintiff had passed up an opportunity to enter an appearance and to raise his claims in litigation involving the same cause of action brought by defendant in the jurisdiction in which its principal office was located and where, so far as the record indicated, all relevant

---

**3.** SAME claimed that it had not filed a motion to dismiss for *forum non conveniens* because it was waiting for a trial date to be set in the

Virginia case, which was done shortly after the parties had notice of the *sua sponte* dismissal.

decisions had been made). But the mere pendency of litigation elsewhere does not bar suit in the District of Columbia. We recently reversed a dismissal for *forum non conveniens* where the defendant, a District of Columbia resident, had filed suit for visitation rights in New York after being sued here by his wife, a non-resident, to enforce a child support provision in the parties' separation agreement which had been ratified in their District of Columbia decree of divorce, and there was no evidence that the New York proceeding was anything other than a totally separate and distinct action. *Demontmorin v. DuPont, supra,* 484 A.2d at 583–84, 586.

The District of Columbia Circuit has observed in a contract action brought by non-residents that District of Columbia courts, "burdened as they are, should not without good reason, be asked to make inquiry concerning events happening outside of their jurisdiction...." *Nee v. Dillon, supra,* 99 U.S.App.D.C. at 334, 239 F.2d at 955,[4] an observation cited with approval by this court in *Frost v. Peoples Drug Store, supra,* 327 A.2d at 810. Arguably the "good reason" in the underlying lawsuit arises from the fact that appellant seeks to have District of Columbia courts apply District of Columbia law to a District of Columbia corporation.[5] The underlying lawsuit will, subject to constitutional limita-

tions, presumably turn on the intent of the Council of the District of Columbia in enacting the D.C. Human Rights Act. *See, e.g., District of Columbia v. Schwerman Trucking Co.,* 327 A.2d 818, 823 (D.C. 1974); *Williams v. Washington Metropolitan Area Transit Co.,* 268 A.2d 261, 264 (D.C.1970) (cases holding that District of Columbia statute relating to maximum hours of employment has no application to employment beyond District of Columbia borders).

Counterbalanced against this consideration, however, is the possibility that, contrary to the trend of modern pleadings,[6] appellant may have inappropriately split his cause of action by filing suits against SAME in two jurisdictions for the same dismissal. This issue was not addressed by the parties on appeal or in the motions court.[7] Although appellant has never claimed that he cannot raise the issue of application of the D.C. Human Rights Act in the Virginia courts, nor disputed SAME's contention that an adequate alternative forum is available and that the Virginia litigation has progressed, with his active involvement, much further than the District of Columbia litigation we are unable to determine from the record whether his underlying lawsuit comes within any of the exceptions to the general rule concerning splitting of causes of action.[8]

---

4. In *Nee v. Dillon, supra,* the only contact with the District of Columbia was the maintenance of District of Columbia business addresses by one plaintiff and one defendant. The subject matter of the contract, the parties and most if not all the witnesses were in Maryland, and Maryland law was to be applied. The issue of *forum non conveniens* was not raised in the trial court. 99 U.S.App.D.C. at 334, 239 F.2d at 955.

5. There is the added factor that appellant was hired by SAME when its headquarters was located in the District of Columbia and worked here for SAME for five years; thus the employment relationship at issue began and was fostered over a period of years in the District of Columbia. But by parity of reasoning, the employment relationship in dispute was more recently fostered in Virginia.

6. *See, e.g.,* Restatement (Second) of Judgments § 24 comments a and c, at 197, 199 (1982 ed.);

see *id.* § 25, at 209 illustration 3, at 211, & comment d, at 212; *compare id.* illustration 8, at 202 (successive acts causing injury).

7. In this court appellant has asserted that the two actions were "necessary and proper" because "[i]t is not for a Virginia Court to interpret and apply the D.C. Human Rights Act, nor is it for the D.C. Court to consider Virginia law regarding employment, estoppel, etc."

8. For example, the Restatement (Second), Judgments lists the exceptions as follows:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant.

(a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or

■ The second motions judge denied the motion to reconsider the dismissal of the complaint, although finding that the District of Columbia is the proper forum for that action. Presumably the finding is an inadvertent misstatement arising from the fact that the text appears to have been based on a proposed order submitted by appellant. Of greater concern, however, is the fact that we are unable to determine the basis for the discretionary decision, *Johnson, supra,* 398 A.2d at 366; *Pollock v. Brown,* 395 A.2d 50, 52–53 (D.C.1979), which was committed to the second motions judge.[9] The record before the second motions judge differed significantly from that before the first judge, and no hearing was held on the motion for reconsideration. Accordingly, we remand the case for reconsideration by the second motions judge so that an appropriate record may be created.

*Remanded.*

</div>

(b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or

(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief; or

(d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense of the scheme that the plaintiff should be permitted to split his claim; or

(e) For reasons of substantive policy in a case involving a *continuing or recurrent* wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course; or

(f) It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as the apparent invalidity of a continuing restraint or condition having a vital relation to personal liberty or the failure of the prior litigation to yield a coherent disposition of the controversy.

*Id.* § 26 at 233–34 and see comment 3 at 238–39.

9. We do not know, for example, whether the denial of the motion for reconsideration was based on a view that the District of Columbia Human Rights Act did not reach the conduct of a District of Columbia corporation occurring outside the District of Columbia (or perhaps that the Act could not constitutionally do so). Nor *do we know what weight,* if any, was given to the interest of the District of Columbia courts in construing a District of Columbia statute as it applies to a corporation owing its existence and being to the laws of the District of Columbia. Further, there is nothing in the record on which either the motions court or we can base a determination of whether the Virginia courts would entertain a cause of action based on the District of Columbia Human Rights Act, or indeed, if the motions judge even considered this question. Likewise, we have nothing in the record to show what consideration, if any, the second motions judge gave to those factors which we have enumerated a trial court must consider in ruling on a forum non conveniens motion. *See, e.g., Carr v. Bio-Medical Applications of Washington, Inc., supra,* 366 A.2d at 1089.