**Catherine NEALE, Appellant,**

v.

**Mohammed ARSHAD, Appellee.**

**No. 95–CV–1381.**

District of Columbia Court of Appeals.

Submitted Sept. 26, 1996.

Decided Oct. 17, 1996.

trict will govern the suit. Although we give considerable deference to the trial court on discretionary rulings such as this, our independent evaluation of the factors bearing on the issue persuades us that the trial judge abused his discretion in dismissing the suit.

## I.

The complaint alleged that plaintiff Neale, while driving "on the George Washington Memorial Parkway at or near Memorial Circle in the District of Columbia," was injured when defendant Arshad negligently caused the taxicab he was driving to strike her vehicle. Also allegedly injured was Neale's minor child, who was a passenger in her car at the time. Arshad answered the complaint and the parties proceeded to discovery, which included interrogatories and requests for documents, responses to both, and one or more depositions. They then filed a joint pretrial statement in anticipation of the scheduled pretrial conference. The pretrial statement acknowledged that neither Neale (nor her child) nor Arshad was a resident of the District of Columbia but that the accident occurred "at or near Memorial Circle, Southwest, Washington, D.C."

Defendant Arshad had not moved to dismiss on grounds of *forum non conveniens.* Nonetheless, the trial judge raised the issue at the pretrial conference and dismissed the action on that ground *sua sponte* at the end of the conference. In a written confirmatory order the judge stated:

> At the conference the parties revealed to the Court for the first time that the accident in suit did not occur in the District of Columbia. Rather it happened on the Virginia side of the Arlington Memorial Bridge. Both plaintiffs live in Maryland. The defendant lives in Virginia. The witnesses to the accident all appear to be out of state residents as well. The case will be governed by the law of Virginia. The District of Columbia has virtually no contacts with this case. *See Mills v. Aetna Fire Underwriters Insurance Co.,* 511 A.2d 8, 10 (D.C.1986). Where plaintiffs are nonresidents, no deference is required to their

Sheila Ann Loizos, Alexandria, VA, was on the brief, for appellant.

Tina L. Snee, was on the brief, for appellee.

Before FARRELL, KING, and RUIZ, Associate Judges.

FARRELL, Associate Judge:

This is an appeal from an order of the Superior Court dismissing this personal injury action *sua sponte* on the ground of *forum non conveniens.* The parties agree that the accident took place in the District of Columbia and that the substantive law of the Dis-

choice of forum. *Dunkwu v. Neville,* 575 A.2d 293 (D.C.1990).

Neale filed a motion for reconsideration which recited the parties' agreement that the judge had erred factually: that "[a]lthough [the accident] happened on the 'Virginia' side of the Arlington Memorial Bridge, it happened in Memorial Circle, which is on Columbia Island, which is part of the District of Columbia."[1] The trial judge denied the motion to reconsider, stating: "Even assuming the accident occurred in the District, albeit on the 'Virginia Side' of the Potomac River, none of the parties are District residents and it has not even been suggested that any witness resides in the District."

## II.

■■■ [D]ecisions on questions of *forum non conveniens* are committed to the sound discretion of the trial court and will be upset on appeal only upon a clear showing of an abuse of that discretion.... This broad discretion is not unlimited, however, and this court must examine the trial court's action in light of the well-established criteria for applying the doctrine of *forum non conveniens.*

*Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1091–92 (D.C. 1976) (citations omitted). On review we make "an independent evaluation" of the "private interest" and "public interest" factors enumerated by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). *See Jenkins v. Smith,* 535 A.2d 1367, 1369–70 (D.C.1987) (en banc) (per curiam). In *Kaiser Foundation Health Plan v. Rose,* 583 A.2d 156 (D.C.1990), we summarized those factors:

[T]he pertinent private interest factors include (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the ease of access to sources of proof; (4) the availability and cost of compulsory process; and (5) the enforceability of any

judgment obtained. The public interest factors include: (1) the clearance of foreign controversies from congested dockets; (2) the adjudication of disputes in the forum most closely linked thereto, and (3) the avoidance of saddling courts with the burden of construing a foreign jurisdiction's law.

*Id.* at 158 (citing *Jenkins,* 535 A.2d at 1369–70).

■■■ The trial judge dismissed this action *sua sponte.* Neale does not dispute his authority to do so, nor does D.C.Code § 13–425 (1995), which makes the *forum non conveniens* doctrine statutory in this jurisdiction, condition the authority to dismiss on a motion of a party. The reason is evident from the "public interest" factors which the trial judge, like this court, is obliged to consider; their importance is not diminished by the defendant's failure to bring them to the court's attention by motion. Neale argues, nevertheless, that the trial judge abused his discretion in dismissing this suit, and that examination of those same public interest factors largely explains why. The parties agree on appeal, as they did below, that the accident took place in the District of Columbia,[2] and that therefore District substantive law will govern trial of the suit in Superior Court. Thus, Neale says, the Superior Court remains "the forum most closely linked" to adjudication of the dispute; its docket is not being asked to absorb a "foreign controvers[y]"; and it will not incur the burden of "construing a foreign jurisdiction's law." We agree with this analysis; Arshad gives us no reason to dispute it. From the public interest standpoint alone, then, we cannot say that "the District has so little to do with this case that its courts should decline to hear it." *Jenkins,* 535 A.2d at 1371.

■■■ When we turn to the private interest factors, the analysis yields the same result. "[U]nless the balance [of factors] is strongly in favor of the defendant, the plain-

---

1. The motion noted that "[t]he [United States Park P]olice report also indicates that it happened in the District of Columbia."

2. The agreement evidently follows from D.C.Code § 1–101(a) (1992), which defines the District of Columbia as "that portion of the terri-

tory of the United States ceded by the State of Maryland for the permanent seat of government of the United States, including the river Potomac in its course through the District, *and the islands therein*" (emphasis added).

tiff's choice of forum should rarely be disturbed." *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8, 10 (D.C.1986) (quoting *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. at 843). As *Mills* indicates, this is another way of expressing the rule that "[a] defendant who invokes the doctrine of *forum non conveniens* bears the burden of establishing a case for dismissal." *Id.* Arshad, though, attempts to bring this case within *Mills, supra,* and *Dunkwu v. Neville,* 575 A.2d 293 (D.C.1990), in which the court recognized that a plaintiff's choice of forum "deserves less deference" when—as in the present case—he or she is a non-resident of the District of Columbia, and that the burden may even shift to the plaintiff to justify bringing suit in the District when neither party resides in the District, which also is true here. *Dunkwu,* 575 A.2d at 295; *Mills,* 511 A.2d at 11. But the "may" in the preceding sentence is critical: in both *Mills* and *Dunkwu* we were explicit in stating that the burden shifts to the plaintiff only where " 'the plaintiff's claim has arisen in another jurisdiction which has more substantial contacts with the cause of action [than does the District].' " *Dunkwu,* 575 A.2d at 295 (quoting *Mills,* 511 A.2d at 11). In *Mills* there was "a striking lack of any significant contacts" between the disputed matter and the District, 511 A.2d at 11, and in *Dunkwu* "[t]he relationship between the parties ... [did] not remotely center around the District of Columbia," 575 A.2d at 296. In *Kaiser Foundation,* too, we sustained the dismissal of a suit that had "virtually no link to this jurisdiction." 583 A.2d at 160. Each of those cases is very different from this one. Since the accident here took place in the District, whose substantive law

will therefore apply, the burden remains on Arshad to establish the propriety of dismissal.

The remaining private factors add no sustenance to his attempt to do so. Indeed, at this point Arshad's failure to move for dismissal becomes relevant, because it tells us much about his own view of whether "the convenience of parties and witnesses," "the ease of access to sources of proof," and "the availability and cost of compulsory process" make the District an inconvenient forum for him. Arshad concedes in his brief that "the record before this court does not reveal any information about the residence of any of the potential witnesses." Nor does he point to any of the above obstacles as potentially impeding his defense in the Superior Court. And, as we observed in *Kaiser Foundation,* in a case such as this "any inconvenience to parties and witnesses would surely be marginal, since we are dealing here with a 'relatively compact and closely interrelated metropolitan area.' " 583 A.2d at 159 n. 7 (citation omitted).

In sum, examination of the *Gulf Oil* factors leaves no question in our mind that the District is a convenient forum for this lawsuit. The order of the trial court dismissing the complaint is, therefore,

*Reversed.*