**John DEUPREE, Appellant,**

v.

**Bich-Lien T. LE, Appellee.**

**No. 13819.**

District of Columbia Court of Appeals.

Submitted April 19, 1979.

Decided May 25, 1979.

Charles R. McBrier, Jr., Washington, D. C., for appellant.

Guy Farmer and Gary L. Lieber, Washington, D. C., for appellee.

Before NEWMAN, Chief Judge, and KERN and FERREN, Associate Judges.

PER CURIAM:

On December 22, 1977, appellee brought this suit in the trial court based on claims arising from an auto accident with appellant in Chevy Chase, Maryland. Both parties are residents of Montgomery County, Maryland, but appellant is employed in the District of Columbia. Discovery began when appellee served interrogatories on appellant on February 15, 1978, and they were answered on May 16. Appellant did not file a motion to dismiss on the ground of *forum non conveniens* until June 5, 1978. After

hearing argument, the trial court denied the motion.[1]

The trial court, in ruling on a motion to dismiss for *forum non conveniens*, has considerable discretion and its ruling will not be disturbed absent abuse of that discretion. *Washington v. May Department Stores*, D.C.App., 388 A.2d 484 (1978); *Dorati v. Dorati*, D.C.App., 342 A.2d 18 (1975); *Frost v. Peoples Drug Store, Inc.*, D.C.App., 327 A.2d 810 (1974). The defendant bears a significant burden when it attempts to dismiss for inconvenience plaintiff's choice of forum, to which the court owes substantial deference when it considers such a motion. *Cohane v. Arpeja-California, Inc.*, D.C.App., 385 A.2d 153 (1978); *Dorati v. Dorati, supra.*

Here, the court noted in its order that not only did both parties live and work in the Washington metropolitan area, so that the forum was not in fact inconvenient, but also pointed out that discovery had started and a trial date had been set.

As this court noted in *Cohane v. Arpeja-California, Inc., supra* at 157, "when . . . the parties and the court have expended their time, effort and money preparing for trial" it becomes an important factor for the trial court in considering the *forum non conveniens* issue. Likewise, in *Wilburn v. Wilburn*, D.C.App., 192 A.2d 797, 801 (1963), we held that "[a]s with other motions addressed to the discretion of the court, certain limitations in the matter of time at which they may be raised are relevant." In both *Cohane* and *Wilburn* we concluded that the trial court erred in granting a motion to dismiss for *forum non conveniens* where trial had already begun. In this case, trial had not yet commenced but a trial date had been set and discovery was under way. Already, appellee had served

and appellant had answered an extensive set of interrogatories. Discovery would not have been necessary in the instant case to develop facts in support of appellant's contention of *forum non conveniens* since the place of the accident and places of the parties' residences were known at the outset. Therefore, appellant's delay in filing his motion until after appellee had commenced discovery was unwarranted here.

In *Fifth & Walnut, Inc. v. Loew's, Inc.*, 76 F.Supp. 64 (S.D.N.Y.1948), a set of circumstances similar to the instant case arose. There, the trial court denied a *forum non conveniens* motion because discovery had begun, pretrial expense was incurred, and considerable time had lapsed since commencement of the action. Here the court in our view properly recognized that both the parties and it had expended sufficient time and resources so that to change forums now would be a waste of these expenditures. Certainly, appellant's delay in filing his motion is not consistent with the position of a party who has been inconvenienced by the choice of forum. *Id.*

We conclude that the trial court properly evaluated the importance of the element of the time of the pendency of this case and balanced that with the traditional concern against our courts burdening themselves with foreign litigation. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Carr v. Bio-Medical Applications of Washington, Inc.*, D.C.App., 366 A.2d 1089, 1092 (1976). We find the trial court well within its discretion in this matter in concluding the sum total of factors weighs in favor of maintaining the present forum.

*Affirmed.*

---

1. The court's order read as follows:

The defendant in this case seeks dismissal on the ground of *forum non conveniens*. He argues that both parties reside in Maryland and that the automobile collision occurred there.

The cases hold that the plaintiff's choice of forum should be given some weight and not disturbed except upon a strong showing. In essence, this is a case where the parties involved live and work in Metropolitan Washington. A trial date has been scheduled and discovery has begun. Understanding the questions of public concern, such as court congestion and related matters, it would appear that in the exercise of discretion, this case should remain on the docket.