Anthony A. DUNKWU, Appellant,

v.

Patricia NEVILLE, et al., Appellees.

No. 89–681.

District of Columbia Court of Appeals.

Submitted April 26, 1990.

Decided May 30, 1990.

George C. Courtot and John A. DiNucci, Washington, D.C., were on the brief for appellant.

Kenneth W. Curtis, Washington, D.C., was on the brief for appellees.

Before NEWMAN, STEADMAN and FARRELL, Associate Judges.

FARRELL, Associate Judge:

In this case, we take the unusual step of reversing a discretionary decision of the trial court denying a motion to dismiss on the ground of *forum non conveniens*. We do so because otherwise we would adopt a rule permitting a motion of this kind to be defeated by a showing of very little more than that the plaintiff chose the courts of the District of Columbia as her forum.

### A.

■ Plaintiff Neville, a resident of Virginia, brought suit individually and as next friend of her infant daughter against appellant Dunkwu, a resident of Virginia and a physician specializing in obstetrics and gynecology licensed to practice medicine in Virginia and the District of Columbia, and maintaining offices in both jurisdictions. The complaint alleged negligence by Dr. Dunkwu in the obstetrical care and delivery of the infant from August 1986 through April 1987 when the child was born in Alexandria Hospital, resulting in injuries from which the plaintiffs suffered damages in the amount of $1,000,000. Defendant moved to dismiss the complaint on grounds of lack of personal jurisdiction and, alternatively, *forum non conveniens*, pointing out that the initial consultation by the mother and all subsequent treatment, including the delivery, had taken place in Virginia and that "[a]t no time were the Plaintiffs seen, examined or treated in the District of Columbia." Plaintiffs responded by conceding these facts but asserting that under District of Columbia law a plaintiff's choice of forum should rarely be disturbed; that Dr. Dunkwu maintained an office in the District of Columbia and practiced there; and that he would suffer little practical inconvenience by a trial in any one of the jurisdictions in the "relatively compact and closely interrelated metropolitan area," citing *Aiken v. Lustine Chevrolet, Inc.*, 392 F.Supp. 883, 887 n. 20 (D.D.C. 1975). On May 18, 1989, the trial court

denied the motion to dismiss without opinion. This interlocutory appeal followed.[1]

### B.

We have repeatedly held that trial court rulings on *forum non conveniens* motions are entitled to receive considerable deference from this court. We will not reverse such a ruling unless presented with clear evidence that the trial court abused its broad discretion.

*Jenkins v. Smith*, 535 A.2d 1367, 1369 (D.C.1987) (en banc). "This deference, however, does not amount to *carte blanche*," *id.*, because "[u]nlike our review of most acts of judicial discretion, our review of rulings on *forum non conveniens* motions includes an independent evaluation of … [both] 'private' and 'public' factors," *id.* (citation omitted), the latter referring to

> those affecting the District's own interests including the congestion of its court dockets with foreign litigation, the imposition of jury duty on District residents for litigation in which the District has no concern, and the inappropriateness of calling on District of Columbia courts to construe the law of another jurisdiction.

*Id.* In sum, although only a "clear showing" of abuse of discretion will suffice to reverse the trial court's decision, "such rulings receive closer scrutiny than most exercises of trial court discretion," and "convincing circumstances" may demonstrate trial court error as a matter of law. *Id.* at 1370, *quoting in part Washington v. May Dep't Stores*, 388 A.2d 484, 486 (D.C.1978).

■ There is a further important aspect of both the trial court's task and our standard of review. While in general, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," *Mills v. Aetna Fire Underwriters Ins. Co.*, 511 A.2d 8, 10 (D.C.1986), *quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), that rule pertains especially when the plaintiff is a resident of the

---

1. In this jurisdiction, the denial of a motion to dismiss on grounds of *forum non conveniens* is an appealable order. *Crown Oil & Wax Co. v. Safeco Insurance Co.*, 429 A.2d 1376, 1379–80 (D.C.1981); *Frost v. Peoples Drug Store, Inc.*, 327 A.2d 810, 811–13 (D.C.1974). *But see Van Cauwenberghe v. Biard*, 486 U.S. 517, 527–30, 108 S.Ct. 1945, 1952–53, 100 L.Ed.2d 517 (1988).

District of Columbia. *Id.; Jenkins, supra,* 535 A.2d at 1370. "When the plaintiff is from another jurisdiction, however, it is much less reasonable to assume that his choice of a District of Columbia forum is convenient," and in that case "plaintiff's choice deserves less deference." *Mills, supra,* 511 A.2d at 10–11. Moreover,

> Where it is shown that *neither* party resides in the District and the plaintiff's claim has arisen in another jurisdiction which has more substantial contacts with the cause of action, the burden normally allocated to the defendant to demonstrate why dismissal is warranted for *forum non conveniens* rests instead upon the plaintiff to show why it is not.

*Id.* at 11 (emphasis added). The plaintiff in that case "should be required to show some reasonable justification for his institution of the action in the forum state rather than in a state with which the defendant or the res, act or event in suit is more significantly connected." *Id., quoting Pain v. United Technologies Corp.,* 205 U.S.App.D.C. 229, 238, 637 F.2d 775, 784 (1980) (emphasis and further citations omitted).

■ In explaining the concept of discretion, which inherently "signifies choice," we have stated that "[a]n informed choice among the alternatives requires that the trial court's determination be based upon and drawn from a firm factual foundation," and that "it is an abuse [of discretion] if the stated reasons do not rest upon a specific factual predicate." *Johnson v. United States,* 398 A.2d 354, 361, 364 (D.C. 1979). We hold in this case that, "[w]here it is shown that neither party resides in the District and the plaintiff's claim has arisen in another jurisdiction which has more substantial contacts with the cause of action," *Mills, supra,* 511 A.2d at 11, the trial court will have abused its discretion in denying a motion to dismiss on grounds of *forum non conveniens* unless that choice rests upon the sure factual foundation of an affirmative showing by the plaintiff of

"some reasonable justification for his institution of the action in the forum state." *Id.* We conclude that that showing is absent in the present case.

■ *Mills* involved a claim by a Virginia resident against Aetna Fire Underwriters Insurance Company alleging breach of contract for failure to compensate the plaintiff adequately after a fire damaged her store in Fredericksburg, Virginia. In sustaining a dismissal on the ground of *forum non conveniens,* we pointed out that "[t]he only connection between this litigation and the District of Columbia is the fact that Aetna is licensed to do business here," and that "[n]othing in the record ... suggests ... Aetna's presence in the District of Columbia bears any relation to [plaintiff] or her claim." 511 A.2d at 12. That conclusion applies identically to plaintiff's claim in this case. The entire course of treatment, from initial visit through delivery of the child and brief aftercare, took place in Virginia, and though defendant is licensed in the District of Columbia and practices medicine here, that presence bears no discernible relation to plaintiffs or their claim.

Plaintiffs nevertheless offer several grounds for upholding their choice of forum. First, they contend that appellant, because he is licensed and practices medicine in the District, "cannot claim unfamiliarity with the laws of the jurisdiction or claim surprise that the state courts might apply forum law to litigation in which they are involved." Exactly the same could have been said in *Mills,* however, and still we held that "the connection between Mills, her claim against Aetna, and the District is so attenuated that her choice of forum deserved little deference from the trial court." *Id.*[2] Second, appellees invoke choice of law principles and—while not quite arguing that District of Columbia law would have to apply to this action no matter where tried—contend that because Dr. Dunkwu is licensed by the District and

---

2. Appellees contend that "at the time the plaintiff, Patricia Neville, became a patient of Dr. Dunkwu, the defendant probably had no expectation that the plaintiffs would utilize only the Virginia office." That may be so, but to be workable, the test of *forum non conveniens* must relate to the "res, act or event in suit," *Pain, supra,* 205 U.S.App.D.C. at 238, 637 F.2d at 784, rather than to a party's "expectation" divorced from what actually transpired.

maintains a practice here, there comes into play the District's important interest—unlike that of Virginia—"in holding its corporations [or licensed practitioners] liable for the full extent of the negligence attributable to them," *Kaiser–Georgetown Community Health Plan v. Stutsman*, 491 A.2d 502, 509–10 (D.C.1985).

In *Stutsman*, a choice of law case, we had occasion to discuss the Virginia Malpractice Act applicable to malpractice claimants and defendants who are "health care providers," and the twofold manner in which the Act modifies the law of negligence in that state in malpractice cases: first by creating a panel review procedure that either party may invoke and that, once invoked, bars the filing of suit until the process is completed; and second, by limiting the amount of recovery permitted against "health care providers" in malpractice actions. *Id.* at 510–11. The District of Columbia has no such law. In applying the "governmental interests" analysis used in tort cases to decide whether we would apply District of Columbia law, we noted that the District

> has a substantial interest in this litigation. Both defendants are corporate citizens of the District of Columbia. The District has a significant interest, reflected in the fact that it imposes no cap on liability for malpractice, in holding its corporations liable for the full extent of the negligence attributable to them.

*Id.* at 509–10 (footnote omitted). Appellees contend that *Stutsman* "parallels" this case, but the factual differences are at once apparent. We held that the District's law of negligence would apply in *Stutsman* only after stressing that the plaintiff was employed in the District and that "[t]he relationship between the parties to the instant litigation can be described as centering around the District of Columbia, since the agreement to provide health care was a benefit of the plaintiff's District employment." *Id.* at 508; see *id.* at 510 ("the District has an interest in protecting a member of its work force who contracts for health services with a District of Columbia Corporation within this forum and

then is injured by the negligence of that corporation's agents").

The relationship between the parties in this case does not remotely center around the District of Columbia. Neither Mrs. Neville nor her child resides or works here, nor did any of the events at issue take place here. Indeed, in this suit between a Virginia resident and a Virginia health care provider arising strictly from events in Virginia, it seems obvious that Virginia's governmental interest in capping liability for malpractice would outweigh the District's competing interest for choice of law purposes. *See* RESTATEMENT (SECOND) OF CONFLICTS OF LAWS §§ 6(2), 145(1) (1971). We need not decide, however, whether Virginia law—with or without the cap on malpractice recovery—would apply if this suit were tried in the District of Columbia; it is enough for our purpose to note that "*the avoidance· of unnecessary problems in conflict of laws* and in the interpretation of the laws of another jurisdiction" is an important public interest in *forum non conveniens* analysis. *Mills, supra*, 511 A.2d at 10 (emphasis added). In this case that factor tilts unmistakably in favor of trial in Virginia.

Finally, appellees point to the defendant's failure to specify what hardships he would incur in a District of Columbia trial by way of unavailability of witnesses or evidence. It is true that we have stressed that "[t]he purpose of the doctrine of *forum non conveniens* ... is to avoid litigation in *a seriously inconvenient forum*, rather than to ensure litigation in the most convenient forum." *Cresta v. Neurology Center*, 557 A.2d 156, 161 (D.C.1989) (per curiam) (emphasis in original; citation omitted). But we have never held that, where the District lacks substantial contacts with the cause of action, the defendant's failure to show serious inconvenience is alone enough to require that plaintiff's choice of the District as forum be honored. To so hold would contradict the rule that, in the situation posited, it is the plaintiff's burden to show why dismissal is not warranted. *Mills, supra*, 511 A.2d at 11.

We pointed out in *Mills* that

in actions involving nonresident plaintiffs bringing claims arising outside the District of Columbia, this court has emphasized the decisiveness of the public interest in reducing the volume of cases on our overcrowded court calendars.

*Id.* (citations omitted). We went on to conclude, in language that is fully applicable here:

What minimal private interest [plaintiff] might have had in maintaining her action here was heavily outweighed by the public interests of this forum. It would be unwise and unfair to the citizens of the District of Columbia to clog the crowded dockets of our courts with this imported litigation, absent good reason for doing so.

*Id.* at 12. Since we can perceive no good reason for doing so in this case, we conclude that the case must be remanded to the trial court with directions to dismiss the complaint subject to the conditions imposed in *Mills*, 511 A.2d at 15–16. The court must first determine whether the statute of limitations has run on plaintiffs' cause of action in Virginia.[3] If it has, the court would then follow the procedures for conditional dismissal set out in *Mills*.

*The order of the trial court denying the motion to dismiss on the ground of forum non conveniens is vacated and the case is remanded for further proceedings consistent with this opinion.*