Natlynn **JIMMERSON,** Appellant,

v.

**KAISER FOUNDATION HEALTH PLAN OF THE MID–ATLANTIC STATES, INC., et al., Appellees.**

No. 93–CV–1307.

District of Columbia Court of Appeals.

Argued Feb. 17, 1995.

Decided Aug. 17, 1995.

---

Lloyd D. Iglehart, for appellant.

Alexander P. Starr, for appellees.

Before FERREN and KING, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

This is an appeal from an order of the trial court dismissing appellant's negligence and survival action on *forum non conveniens* grounds. Upon consideration of the litigation's contacts with the District of Columbia and Maryland and the factors that bear upon whether the District of Columbia is an inconvenient forum for proceedings in this case, we hold that the trial court abused its discretion in granting the dismissal. We therefore reverse the trial court's order and remand the case for reinstatement.

## I.

Appellant Natlynn Jimmerson, a District of Columbia resident, filed a medical malpractice and survival action against Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc. ("Kaiser"), a District of Columbia corporation, Capital Area Permanente Medical Group, P.C. ("Permanente"), a District of Columbia professional corporation, Holy Cross Hospital of Silver Spring, Inc. ("Holy Cross Hospital"), a foreign corporation,[1] and, through an amended complaint, physicians J. Rochford–Molineaux and Robert Green. The amended complaint alleges that Jimmerson's infant son expired during delivery at Holy Cross Hospital due to the defendants' negligence. Jimmerson received prenatal care in the District of Columbia from Kaiser, Permanente, and at least one of the physicians. Jimmerson, however, does not allege

---

1. Holy Cross Hospital of Silver Spring, Inc., is apparently a Maryland corporation, but the record is not clear concerning the hospital's place of incorporation.

that any negligence occurred until delivery at Holy Cross Hospital in Maryland.

Defendant Holy Cross Hospital moved for dismissal on the basis of lack of personal jurisdiction over it, and was dismissed from the case. The remaining defendants, appellees here, filed an answer asserting, among other things, what they styled a "defense" of *forum non conveniens* on the basis that the trial court "lack[ed] jurisdiction" in light of the inconvenience of the forum. They then filed an amended answer and a motion to dismiss on grounds of *forum non conveniens.* The judge who initially presided over the case died before ruling on the motion. Subsequently, Judge John H. Suda granted appellees' motion to dismiss with the requirement that they waive the statute of limitations in Maryland. Consequently, appellant Jimmerson filed a claim with the Health Claims Arbitration Office of Maryland. Jimmerson also appealed the trial court's *forum non conveniens* dismissal to this court, but did not appeal the dismissal of Holy Cross Hospital for lack of personal jurisdiction. The Maryland arbitration panel chairman granted the motion of Holy Cross Hospital for summary judgment on statute of limitations grounds, observing that the claimant did not qualify for an equitable exception to Maryland's general rule of limitations because she had shown a marked lack of diligence in "waiting twenty months after the statute of limitations ran before filing" her Maryland action.[2]

## II.

■ In appeals involving *forum non conveniens* motions we review the trial court's decision for abuse of discretion while at the same time conducting our own analysis of the public and private interests involved. *Ussery v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.,* 647 A.2d 778, 780 (D.C. 1994).

We have repeatedly held that trial court rulings on *forum non conveniens* motions are entitled to receive considerable deference from this court. We will not reverse

such a ruling unless presented with clear evidence that the trial court abused its broad discretion.

This deference, however, does not amount to *carte blanche.* Unlike our review of most acts of judicial discretion, our review of rulings on *forum non conveniens* motions includes an independent evaluation of the "private" and "public" factors enumerated in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 842–843, 91 L.Ed. 1055 (1947).

*Jenkins v. Smith,* 535 A.2d 1367, 1369 (D.C. 1987) (*en banc*) (citations omitted).

We have described our review for abuse of discretion as follows:

[a]lthough only a "clear showing" of abuse of discretion will suffice to reverse the trial court's decision, "such rulings receive closer scrutiny than most exercises of trial court discretion," and "convincing circumstances" may demonstrate trial court error as a matter of law.

*Dunkwu v. Neville,* 575 A.2d 293, 294 (D.C. 1990) (quoting *Jenkins, supra,* 535 A.2d at 1370 (*quoting in part Washington v. May Dep't Stores,* 388 A.2d 484, 486 (D.C.1978))). Significantly, we have also noted that:

[w]hile in general, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed," *Mills v. Aetna Fire Underwriters Ins. Co.,* 511 A.2d 8, 10 (D.C.1986), quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), that rule pertains especially when the plaintiff is a resident of the District of Columbia.

*Dunkwu, supra,* 575 A.2d at 294–95 (citations omitted). In so stating, we reenforced our earlier statement in *Jenkins, supra:*

... When the plaintiff is a resident of this jurisdiction, the defendant who seeks dismissal faces a heavy task: "only under convincing circumstances ... should a trial court in this jurisdiction dismiss on grounds of forum non conveniens a suit brought by a resident of the District of

2. The Maryland arbitration panel order was entered after the record of this case in the trial court had been completed. It was appended to appellees' brief. Although this did not make it a part of the record, it is not questioned by appellant.

Columbia." *Washington v. May Department Stores, supra,* 388 A.2d at 487; *accord Asch v. Taveres,* [467 A.2d 976, 979 D.C.1983.]

*Jenkins, supra,* 535 A.2d at 1370.

We also identified in *Jenkins* the ultimate question that must be resolved by a *forum non conveniens* analysis:

[w]hether the District of Columbia is the best forum for this litigation is not the issue; rather, [the court] must determine whether the District has so little to do with this case that its courts should decline to hear it.

*Jenkins, supra,* 535 A.2d at 1371.

### III.

The outcome of our *forum non conveniens* analysis will be determined largely by a weighing of the relevant contacts the parties and the litigation have with the District and Maryland. Appellant Jimmerson resides in the District of Columbia, and is employed here. She was insured by the Kaiser Foundation Health Plan and enrolled in the Permanente program. She received her prenatal and post-delivery care at a Permanente facility in the District. Appellees Kaiser and Permanente are District of Columbia corporations that conduct business throughout the metropolitan area. According to appellees' brief, both have moved their administrative offices to Maryland since the occurrence giving rise to this action. Appellee physicians Rochford–Molineaux and Green were licensed to practice in both the District and Maryland at the time of the occurrence. Holy Cross Hospital in Silver Spring, Maryland, was designated by Permanente as the facility at which Jimmerson's child would be delivered. All the alleged negligence occurred in Maryland, and Maryland law will most likely govern the dispute. Thus, there are significant contacts with both jurisdictions.

 Two separate types of interests must be considered in evaluating a motion to dismiss for *forum non conveniens,* the private interests of the litigants and the public interest.

Factors relevant to the private interest concern the ease, expedition, and expense of the trial, and include the relative ease of access to proof; availability and cost of compulsory process; the enforceability of a judgment once obtained; evidence of an attempt by the plaintiff to vex or harass the defendant by his choice of the forum; and other obstacles to a fair trial.... Factors related to the public interest include administrative difficulties caused by local court dockets congested with foreign litigation; the imposition of jury duty on a community having no relationship to the litigation; and the inappropriateness of requiring local courts to interpret the laws of another jurisdiction.

*Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1092 (D.C.1976) (citations omitted). Our task is to evaluate the specific private and public factors that figure in this case in order to answer the ultimate question identified in *Jenkins*— "whether the District has so little to do with this case that we should decline to hear it." *Jenkins, supra,* 535 A.2d at 1371.

 Plaintiff is a resident of the District of Columbia. As we stated above, this fact presented a formidable hurdle to appellees as they sought dismissal in the trial court. In *Carr, supra,* 366 A.2d at 1093, however, we rejected a *per se* rule that actions brought by District residents may not be dismissed on grounds of *forum non conveniens,* and affirmed dismissal on those grounds. In *Carr,* the alleged tortious conduct occurred in Maryland, all the defendant physicians resided and were licensed to practice medicine in Maryland, the defendant professional corporation was incorporated in Maryland, Maryland case law clearly would govern the suit, and the other defendant was a Delaware corporation qualified to do business exclusively in Maryland. *Id.* at 1092–93. In light of the fact that the suit had contacts with Maryland that were far more substantial than its contacts with the District, we held that the trial court did not abuse its discretion in dismissing the suit despite the fact that the plaintiff was a District resident. *Id.* at 1093. *See also Guevara v. Reed,* 598 A.2d 1157 (D.C.1991) (dismissing action by District plaintiffs where party needed for fair adjudication available in alternate jurisdiction but

not in District); *cf. Herskovitz v. Garmong,* 609 A.2d 1128 (D.C.1992) (trial court did not abuse discretion in dismissing action with slight connection with the District even though plaintiff was a former resident of the District); *Forgotson v. Shea,* 491 A.2d 523 (D.C.1985) (trial court did not abuse discretion where it refused to reconsider dismissal on *forum non conveniens* grounds after plaintiff asserted that his change of residency to the District merited reconsideration).

Although a plaintiff's residency in the District is not enough by itself to require reversal of a trial court's dismissal on *forum non conveniens* grounds for abuse of discretion, it is an extremely significant factor favoring the exercise of jurisdiction by the courts of the District. *See Jenkins, supra,* 535 A.2d at 1370 ("[O]nly under convincing circumstances ... should a trial court in this jurisdiction dismiss on *forum non conveniens* grounds a suit brought by a resident of the District of Columbia" (quoting *Washington, supra,* 388 A.2d at 487)); *accord Asch v. Taveres,* 467 A.2d 976, 979 (D.C.1983).

Kaiser and Permanente are D.C. corporations conducting business in the District as well as in Maryland and other places. Appellee physicians are licensed in D.C. and Maryland. Jimmerson was employed in the District, arranged for health care in the District, and received her prenatal and post delivery care in the District. These additional contacts of the litigants and the litigation with the District weigh in favor of the District's exercise of jurisdiction.

On the other hand, both corporations conduct business in the entire metropolitan area, have a significant majority of facilities outside the District, and are said to have relocated their administrative offices from the District to Maryland after the occurrence. These factors are among those that suggest that the case could be litigated satisfactorily

in Maryland if the courts of the District should decline to hear it.

■ All the alleged negligence occurred in Maryland, and Maryland law will most likely apply to this case. However, we have made it clear that the place where the negligence occurred, while a significant factor, does not necessarily determine the outcome of a *forum non conveniens* analysis.[3] *See Deupree v. Le,* 402 A.2d 428 (D.C.1979) (affirming denial of motion to dismiss on grounds of *forum non conveniens* despite fact auto accident occurred in Maryland); *Washington, supra,* 388 A.2d 484 (reversing dismissal on *forum non conveniens* grounds despite fact events giving rise to suit occurred in foreign jurisdiction). Our courts are not unfamiliar with applying the laws of other jurisdictions, especially Maryland upon whose common law our common law is based,[4] and therefore it may not be inappropriate to require them to do so.

■ The expense of trial is also a relevant factor. Thus, it is appropriate to consider the investment the parties have already made in preparation for trial in the District of Columbia. We find guidance in this respect from our opinion in *Cohane v. Arpeja–California, Inc.,* 385 A.2d 153 (D.C.), *cert. denied,* 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978), where the trial court dismissed a breach of contract action midtrial on *forum non conveniens* grounds. In *Cohane* neither party maintained an office in the District, further demand upon court resources would have been considerable, and the relationship of the parties and the District was insignificant. Nonetheless, we held that the trial court erred in dismissing the suit. We found it significant that the trial had already begun, all the necessary witnesses were present, and the parties and the court had expended significant time, effort, and money. In overturning the court's order of dismissal, we followed our earlier holding

---

3. It was Permanente rather than Jimmerson that selected Holy Cross Hospital as her delivery facility. Permanente's designation of Holy Cross Hospital as the delivery facility where negligence allegedly occurred was entirely outside of the Jimmerson's control.

4. D.C.Code § 49–301 (1990) provides that all consistent common law in force in Maryland at the time of the cession of the District of Columbia remains in force as part of the law of the District unless repealed or modified by statute. *O'Connor v. United States,* 399 A.2d 21, 25 (D.C. 1979).

in *Wilburn v. Wilburn,* 192 A.2d 797 (D.C. 1963) where we reversed a trial court's dismissal on *forum non conveniens* grounds sixteen months after the court had concluded a two-day trial.[5]

In this case, the trial court and the parties had expended substantial resources in getting the case ready for trial. Discovery was complete, a detailed joint pre-trial statement filed, the pretrial conference completed, and a trial date selected. The litigants' and court's efforts on this case would be wasted by a belated dismissal on *forum non conveniens* grounds. This factor weighs considerably in favor of continuing to exercise jurisdiction in the District of Columbia.

Further with respect to private factors, we note that there is no indication that Jimmerson chose the District as a forum to vex or harass the appellees, nor is there any difference between the possible forums regarding the enforcement of a judgment. We also note that there is no substantiated allegation by either party that holding the trial in one jurisdiction instead of the other would cause substantial hardship. Jimmerson asserts that if the case were litigated in Maryland, those whose presence was requested would have to appear before the Maryland Health Claims Commission, forty miles distant in Baltimore. Appellees rejoin with the assertion that a Maryland trial, like the arbitration proceedings held to date, would take place in a county seat, Rockville, which is near the District. It is not clear on this record whose assertions are correct, and therefore we cannot give any weight to Jimmerson's argument that Maryland is an inconvenient forum on this account.

■ Availability and cost of compulsory process are also relevant private factors. It is principally in this regard that appellees place heavy reliance on our holding in *Guevara v. Reed,* 598 A.2d 1157 (D.C.1991). Guevara and his co-plaintiffs were District

residents who were injured in an automobile accident in which the individual defendant, a Maryland resident, drove the corporate defendant's vehicle. We emphasized that the D.C. courts lacked *in personam* jurisdiction over the individual defendant, and that the corporate defendant would be at a severe disadvantage at trial because it appeared that the individual defendant would not be present to give his eyewitness testimony concerning the accident. We also noted that our courts' lack of jurisdiction over the individual defendant might require relitigation as to his liability if we exercised jurisdiction over the corporate defendant only, and that Maryland was available as a forum for the entirety of the litigation. We therefore ordered dismissal on the basis of *forum non conveniens,* holding that even though the trial court had not reached the issue, it would have abused its discretion had it not dismissed.

We disagree with appellees that *Guevara* is on all fours with this case and requires us to affirm. Even though the trial court's unappealed ruling that it lacks jurisdiction over Holy Cross Hospital still stands, that does not mean that witnesses who work at the hospital or maintain its records will not be available to testify. Congress has given the Superior Court a twenty-five mile subpoena range, D.C.Code § 11–942 (1995), and Holy Cross Hospital is well within it. Moreover, the majority of the witnesses listed by appellees in the pretrial statement were either residents of or worked in the District. Maryland has no advantage over the District by reason of its having *in personam* jurisdiction over the hospital, because the Maryland arbitration panel has declined to waive the statute of limitations that the hospital asserted. Thus, there is little likelihood of later Maryland litigation against the hospital should the case proceed in the District.

In addition to *Guevara* and *Carr v. Bio-Medical Applications of Wash., Inc.,* which

---

5. *See also Creamer v. Creamer,* 482 A.2d 346 (D.C.1984) (affirming trial court's refusal to dismiss where defendant did not raise *forum non conveniens* argument until morning of trial after plaintiff traveled to District for trial and incurred trial preparation expenses); *Deupree, supra,* 402 A.2d 428 (affirming denial of motion to dismiss on the ground of *forum non conveniens* where

motion not filed until after discovery had been partially completed and trial date set, even though neither party resided in the District); *cf. Frost v. Peoples Drugstore, Inc.,* 327 A.2d 810, 815 (D.C.1974) (affirming dismissal on *forum non conveniens* grounds where depositions had been taken and discovery completed in other jurisdiction in which trial could proceed).

we discussed above, appellees rely upon two cases in which we reversed denials of motions to dismiss on *forum non conveniens* grounds where plaintiffs were non-residents of the District of Columbia, *Dunkwu v. Neville, supra,* and *Kaiser Foundation Health Plan of Mid Atlantic States, Inc. v. Rose,* 583 A.2d 156 (D.C.1990) (hereinafter *Rose*). Both of those cases are distinguishable from the appeal before us, not only because the plaintiffs were not residents of the District, but also because of the totality of the sets of circumstances they presented.

*Dunkwu* was a medical malpractice case. Plaintiff, a resident of Virginia, was the mother of an infant allegedly injured by negligence which took place in Virginia in the course of a physician-patient relationship which existed solely in Virginia. The thread plaintiff sought to use to link the case with the District was the fact that the allegedly negligent physician was licensed to practice in the District as well as in Virginia. We ruled that the plaintiff had failed to make any showing of a reasonable justification for institution of the action in the District as he was required to do where neither party resided in the District and the claim arose in another jurisdiction which had far more substantial contacts with the cause of action. The contacts of the instant case with the District are immeasurably stronger than those in *Dunkwu.*

Appellees are afforded no greater comfort by our holding in *Rose, supra,* a medical malpractice case involving the two corporate defendants before us here. Unlike this case, the action in *Rose* was brought by a Virginia plaintiff. Plaintiff's decedent had enrolled in a Kaiser Health Plan through his employer, a company based in Arlington, Virginia. Also unlike Jimmerson's situation was the fact that plaintiff's decedent had received his entire course of treatment in Virginia from three Virginia physicians. The sole connection between the District and Rose's claim was that two corporate defendants were incorporated in the District of Columbia. Following *Dunkwu,* we held that connection insufficient. As in *Dunkwu,* the contrasts with this case are fundamental.

The precedent in this jurisdiction that most resembles the case before us is *Washington v. May Dep't Stores, supra,* 388 A.2d at 484. There, as here, the trial court dismissed the suit on *forum non conveniens* grounds. The plaintiff was a resident of the District, and the company did business in the District, but the events giving rise to the lawsuit occurred in Maryland. We reversed, emphasizing the plaintiff's residency in the District, the defendant's significant business presence in the District, and the fact that most of the witnesses lived in the District. Although Maryland law was to apply, we noted that our courts are not unfamiliar with Maryland law of false arrest. In addition, we emphasized that the defendant was not a stranger to suit in the District and although two of the defense witnesses resided in Maryland, it was reasonable to presume they would attend trial because they were employees of the defendant. Therefore, we reversed the trial court's decision and directed that the suit be permitted to take place in the District.

Jimmerson presents an even stronger case for reversal of the trial court's dismissal than *Washington* did. Here the corporate defendants not only maintained a significant presence in the District but were incorporated here. Moreover, where Washington merely claimed to be the victim of a tort which occurred while he was present in Maryland, Jimmerson and appellees had entered into a relationship in the District and appellees had instructed her to go to Maryland for the delivery of her child.

Similarly supportive of Jimmerson's position is our holding in *Cresta v. Neurology Center, P.A.,* 557 A.2d 156 (D.C.1989), where we reversed dismissal on *forum non conveniens* grounds because the defendants "did not meet the heavy burden of establishing compelling reasons and forum inconvenience to support their motion for dismissal." *Id.* at 157.

Turning specifically to the public factors which must be considered, we are well aware that our courts are congested with litigation, and that to the extent we can alleviate the case load of our courts by dismissing foreign litigation, the courts can reach other cases

more promptly. This suit, however, can hardly be described as a foreign dispute. Plaintiff Jimmerson is a resident of the District. Appellees are conducting business and are licensed or incorporated in the District. The arrangement to provide Jimmerson medical services arose in the District. Thus, it is not unreasonable to impose the burden of jury service upon District residents to resolve this case. Although, Maryland has expended resources by starting its hearing process in this case, our courts and the litigants had expended considerable resources before the dismissal on *forum non conveniens* grounds, and before Jimmerson was therefore forced to go to Maryland to seek redress.

Reviewing all the circumstances, we find it most persuasive that plaintiff resides in the District and had entered here into an agreement for the provision of relevant medical services, and that before the motion to dismiss was granted the court and parties had expended considerable resources to get the case ready for trial. Considered together, the private and public factors in this case, as in *Washington,* weigh in favor of maintaining jurisdiction in the District. The District does not have "so little to do with this case that its courts should decline to hear it." *Jenkins, supra,* 535 A.2d at 1371. The trial court abused its discretion in concluding otherwise. Accordingly, the order on appeal will be reversed and the case remanded for further proceedings.

*So ordered.*