WYETH LABORATORIES,
INC., Appellant

v.

Cheleen JEFFERSON, et al., Appellees.

Nos. 96–CV–1863, 97–CV–857.

District of Columbia Court of Appeals.

Argued April 16, 1998.
Decided Feb. 18, 1999.

---

Steven M. Farina, Washington, DC, for appellant.

Brandon J. Levine, with whom Aaron M. Levine, Washington, DC, was on the brief, for appellees.

Before TERRY and STEADMAN, Associate Judges, and BELSON, Senior Judge.

TERRY, Associate Judge:

Appellant, Wyeth Laboratories, Inc. ("Wyeth"), appeals from an order denying its motion to dismiss, on the ground of *forum non conveniens*,[1] product liability claims filed by four Maryland residents. Wyeth contends that because none of the four appellees lives or works in the District of Columbia and none of the events giving rise to their claims occurred in the District of Columbia, there is no reason for this case to be tried in the District of Columbia courts. Appellees contend that because the parties have had "contacts with the District of Columbia and its neighboring jurisdictions," and because Wyeth's motion was filed after the commencement of discovery, the trial court did not err in denying the motion. We agree with Wyeth, reverse the order denying the motion to dismiss, and remand the case for further proceedings.

I

On December 31, 1994, twenty-five plaintiffs, each residing in Maryland, Virginia, or the District of Columbia, jointly filed suit in the Superior Court against Wyeth, a New

---

1. D.C.Code § 13–425 (1995) provides:

When any District of Columbia court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss such civil action in whole or in part on any conditions that may be just.

York corporation with its principal place of business in Pennsylvania. The plaintiffs alleged that they had been injured by Wyeth's product Norplant[2] and sought to recover damages under theories of negligence (failure to warn), strict liability, and breach of warranty.

At a status conference on March 17, 1995, the trial court ordered the parties to meet and confer on the scheduling of discovery. On November 14, by agreement of the parties, the court entered a scheduling order which provided, among other things, that discovery would close on June 30, 1996. By agreement of the parties, the scheduling order was twice modified, and the deadline for closing discovery was eventually extended to October 21, 1996. No trial date was set.

Discovery began, and on January 25, 1996, appellees provided answers to written interrogatories propounded by Wyeth.[3] On March 27 Wyeth noticed the depositions of six plaintiffs, but at the request of plaintiffs' counsel these depositions were rescheduled. The first two plaintiffs were deposed on April 12. A third plaintiff, a resident of Maryland, who was also scheduled to be deposed on that day, instead dismissed her claim.

In the course of the April 12 depositions, Wyeth's counsel questioned plaintiff Cheleen Jefferson about her contacts with the District of Columbia. At the conclusion of this line of questioning, plaintiffs' counsel asked Wyeth's counsel, "Is it your intention to move to dismiss for forum?" Wyeth's counsel responded, "It may well be, depending on the result of my legal research and these depositions."

On May 8 Wyeth noticed the depositions of six more plaintiffs. Again, plaintiffs' counsel canceled these depositions and indicated that many of the plaintiffs would probably be dismissing their claims. He also suggested that the depositions of the remaining plaintiffs should be deferred pending their decisions on whether to remain in the case. On July 2 Wyeth's counsel wrote to plaintiffs' counsel asking him to identify those plaintiffs who were still expecting to go forward with the lawsuit. Wyeth's counsel also said that Wyeth "intend[s] to file a *forum non conveniens* motion once we know which plaintiffs intend to continue with their claims."

■ On September 14, 1996, sixteen plaintiffs from Maryland, Virginia, and the District voluntarily dismissed their claims against Wyeth, leaving only nine of the original twenty-five plaintiffs still in the case. On September 17 Wyeth filed a motion to dismiss the claims of four remaining Maryland plaintiffs—Cheleen Jefferson, Sallie Epps, Donna Shepherd, and Robin McNair—on the ground of *forum non conveniens*.[4] Wyeth argued for dismissal because, as stipulated by both counsel, none of these plaintiffs lived in the District and none of the events giving rise to the action occurred in the District. On October 25, in a one-page order, the court denied the motion, noting that "the untimeli-

---

**2.** According to the product literature included in the record, Norplant is a long-term reversible method of birth control sold as a prescription drug. "The Norplant System consists of six thin, flexible capsules, made of a soft rubber-like material, that are inserted just under the skin on the inside of [the patient's] upper arm in a minor, outpatient surgical procedure."

In their complaint, appellees alleged that Wyeth manufactures and distributes the Norplant contraceptive in the United States. In its answer, Wyeth admitted distributing Norplant pursuant to a license from the product's designer and developer, The Population Council, but denied manufacturing the product. In subsequent pleadings, Wyeth stated that a Finnish corporation, Leiras Oy, assembles the Norplant capsules in Finland pursuant to a license from The Population Council.

**3.** Appellees state in their brief that it was clear at this point "that none of the plaintiffs nor their

physicians resided within the city limits." That statement is incorrect. At this juncture, none of the plaintiffs, some of whom were District residents, had yet dismissed their claims, and thus some District residents were still parties to the case.

**4.** Wyeth's motion noted that, on the basis of representations made to its counsel, it expected four more plaintiffs to dismiss their claims within the coming weeks, and therefore the motion did not address those plaintiffs. The motion to dismiss also did not refer to the one remaining District resident.

On October 10 four more plaintiffs did in fact dismiss their claims, leaving only four Maryland residents (Jefferson, Epps, Shepherd, and McNair, the four appellees here) and one District resident as plaintiffs.

ness of the motion ... was a substantial factor in [its] decision." Wyeth moved for reconsideration, but the court denied the motion. These appeals followed.[5]

## II

■ This court reviews a trial court ruling on a *forum non conveniens* motion for abuse of discretion but, at the same time, conducts an independent analysis of both the private and the public interests involved. *See, e.g., Jimmerson v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.,* 663 A.2d 540, 542 (D.C.1995); *Jenkins v. Smith,* 535 A.2d 1367, 1369 (D.C.1987) (en banc). "[A]lthough only a 'clear showing' of abuse of discretion will suffice to reverse the trial court's decision, 'such rulings receive closer scrutiny than most exercises of trial court discretion,' and 'convincing circumstances' may demonstrate trial court error as a matter of law." *Dunkwu v. Neville,* 575 A.2d 293, 294 (D.C.1990) (citations omitted). That is what we find here.

■ The need to consider both public and private factors is derived from the Supreme Court decision in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–509, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

> The private factors include potential obstacles to a fair trial, including the relative ease of access to proof, the availability and cost of compulsory process, the enforceability of any judgment obtained, and evidence of vexatiousness or harassment.... The public factors are those affecting the District's own interests, including the congestion of its court dockets with foreign litigation, the imposition of jury duty on District residents for litigation in which the District has no concern, and the inappropriateness of calling on District of Colum-

bia courts to construe the law of another jurisdiction.

*Jenkins v. Smith,* 535 A.2d at 1369 (citing *Gilbert* and other cases); *see Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc. v. Rose,* 583 A.2d 156, 158 (D.C.1990). When all is said and done, however, the basic question to be resolved is "whether the District has so little to do with [the] case that its courts should decline to hear it." *Jenkins,* 535 A.2d at 1371.

■ Generally, a defendant invoking the doctrine of *forum non conveniens* bears the burden of establishing a basis for dismissal, *Mills v. Aetna Fire Underwriters Insurance Co.,* 511 A.2d 8, 10 (D.C.1986), and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil, supra,* 330 U.S. at 508, 67 S.Ct. 839. However, "[w]hen the plaintiff is from another jurisdiction ... it is much less reasonable to assume that his choice of a District of Columbia forum is convenient," and therefore the plaintiff's choice deserves substantially less deference. *Mills, supra,* 511 A.2d at 10–11; *see Eric T. v. National Medical Enterprises, Inc.,* 700 A.2d 749, 754 (D.C.1997); *Kaiser Foundation Health Plan v. Rose, supra,* 583 A.2d at 158. Moreover, when neither party resides in the District and the plaintiff's claim has arisen in another jurisdiction, the burden shifts to the plaintiff to justify bringing suit in the District rather than in a forum more significantly connected to the case. *Eric T., supra,* 700 A.2d at 754; *Neale v. Arshad,* 683 A.2d 160, 163 (D.C.1996); *Dunkwu v. Neville, supra,* 575 A.2d at 295.

■ In this case it is undisputed that neither Wyeth nor any of the appellees are residents of the District and that none of the events giving rise to appellees' claims occurred in the District.[6] Appellees justify

---

5. In the District of Columbia courts, the denial of a motion to dismiss on the ground of *forum non conveniens* is appealable as a collateral order. *Frost v. Peoples Drug Store, Inc.,* 327 A.2d 810, 812–813 (D.C.1974); *see also Jenkins v. Smith,* 535 A.2d 1367 (D.C.1987) (en banc) (declining to overrule *Frost*). The rule is different in the federal courts, where the denial of a *forum non conveniens* motion to dismiss is not appealable. *See Van Cauwenberghe v. Biard,* 486 U.S. 517,

527–530, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988).

6. Both in the trial court and on appeal, appellees have so stipulated. Moreover, the record shows that each appellee consulted a doctor outside of the District of Columbia, received her Norplant prescription outside of the District, had her surgical procedure to remove the Norplant device outside of the District, and received all medical

their choice of forum by pointing out in their brief that "[a]ll appellees reside or work either in the District or [in] counties contiguous to the District of Columbia"[7] and that Wyeth "is a multinational conglomerate ... [which] does massive business in the District of Columbia and derives millions of dollars per year from residents and inhabitants of the District."[8] These assertions, even if true, are insufficient to sustain appellees' burden. *See Neale v. Arshad, supra,* 683 A.2d at 163. First, the "counties contiguous to the District"—*i.e.,* Montgomery and Prince George's Counties in Maryland—are plainly *not* the District of Columbia. *See* 1 Stat. 139, ch. 28 (July 16, 1790) (congressional acceptance of territory ceded from Maryland to form the District of Columbia); Md. Acts, ch. 46 (December 23, 1788) (Maryland statute ceding territory to federal government). Second, although a defendant's presence in the District is not irrelevant, *"by itself,* [it] is insufficient to withstand a motion to dismiss for *forum non conveniens." Smith v. Alder Branch Realty Ltd. Partnership,* 684 A.2d 1284, 1288 (D.C. 1996) (emphasis in original); *see Mills, supra,* 511 A.2d at 12 (affirming dismissal when the only connection with the District was the fact that the defendant was licensed to do business in the District). Moreover, contacts with the District sufficient to establish jurisdiction over the defendant under our long-arm statute, D.C.Code § 13–425 (1995), do not necessarily require adjudication of a particular claim or claims by the courts of the District of Columbia. *See Pitts v. Woodward & Lothrop,* 327 A.2d 816, 817 (D.C.1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

Comparison of this case with others involving motions to dismiss for *forum non conveniens* can be useful. *See, e.g., Smith v. Alder Branch Realty,* 684 A.2d at 1289; *Jenkins v. Smith,* 535 A.2d at 1370. Two cases from a few years ago are particularly instructive. In *Dunkwu v. Neville,* we held that the trial court had abused its discretion in denying a motion to dismiss a medical malpractice action brought by Virginia residents against a Virginia physician. Although the physician maintained offices both in Virginia and the District, he had never examined or treated the plaintiffs in the District. 575 A.2d at 294. In *Kaiser Foundation Health Plan v. Rose,* a Virginia resident brought a wrongful death action in the District of Columbia against a group of Virginia physicians, based on their allegedly negligent treatment of her husband at a medical center in a Virginia suburb of the District. The trial court denied a motion to dismiss, but on appeal we reversed, even though the health maintenance organization that employed the physicians was incorporated in the District. 583 A.2d at 158–159. These cases are essentially indistinguishable on their relevant facts from the instant case and, accordingly, support our conclusion that the trial court abused its discretion in denying Wyeth's motion to dismiss.[9]

---

treatment associated with her use of Norplant outside of the District.

**7.** Any suggestion that any appellee resides in the District of Columbia is incorrect; all four appellees live in Maryland. Although Toye Jackson, the fifth remaining plaintiff in the case, resides in the District, her claim was not addressed by Wyeth's motion for dismissal, and she is not an appellee. Moreover, this court has "reject[ed] any per se rule which would prohibit the application of the doctrine of *forum non conveniens* whenever one of the parties is a District of Columbia resident." *Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1093 (D.C.1976).

The record also does not contain any evidence that any appellee works in the District. In any event, "[t]he fact that a plaintiff is employed in the District of Columbia, insofar as it is relevant to a motion to dismiss on the ground of *forum non conveniens,* carries very little weight when it is not related to the alleged injury." *Ussery v. Kaiser Foundation Health Plan of the Mid–Atlantic States, Inc.,* 647 A.2d 778, 781 (D.C.1994).

**8.** Appellees do not substantiate this latter claim.

**9.** Given our standard of review, we normally "pay particular attention to the reasons articulated by the trial court for its decision." *Smith v. Alder Branch Realty, supra,* 684 A.2d at 1287; *cf. Beard v. South Main Bank,* 615 A.2d 203, 205–206 (D.C.1992) (remanding when trial court failed to give reasons for its denial of *forum non conveniens* motion). In this case, however, the trial court did not articulate its reasons except to note that it considered the "untimeliness" of the motion to be a substantial factor. That part of the court's ruling will be addressed in part III of this opinion.

Our own review of the public and private factors fails to establish any justification for this case to be tried in the District of Columbia. *See Dunkwu v. Neville*, 575 A.2d at 295. With the exception of the plaintiffs' choice of forum—a relatively minor item since the plaintiffs are not District residents—the private factors favor Maryland as a forum because the plaintiffs, the doctors, and the medical records are all located in Maryland. *Eric T., supra*, 700 A.2d at 755; *Kaiser Foundation Health Plan v. Rose, supra*, 583 A.2d at 159. Likewise, the public factors favor Maryland as a proper forum for this case. Despite appellees' assertion to the contrary, this is "foreign litigation,"[10] and the courts of the District of Columbia should not be burdened by it. *See Mills v. Aetna Fire Underwriters Insurance Co., supra*, 511 A.2d at 11 (in cases brought by non-resident plaintiffs, the public interest in reducing the volume of cases on overcrowded court calendars is decisive); *see also Eric T. v. National Medical Enterprises, supra*, 700 A.2d at 756; *Dunkwu v. Neville, supra*, 575 A.2d at 297.

Appellees argue that this is not "foreign litigation" because all four appellees suffered their injuries within twenty-five miles of the District and because Wyeth's liability expert practices exclusively in the District. These facts, however, do not alter our decision. First, although places within a twenty-five mile radius are close to the District, they are obviously not *in* the District; hence the situs of each appellee's injury lends no support to appellees' argument. Second, the location of a non-party witness, even a key witness, does not give the District an interest in the outcome of the suit. Moreover, it taxes our credulity for appellees to assert that the location of one of *Wyeth's* witnesses influenced *their* choice of forum; appellees themselves point out that Wyeth's witness is part of a national team. *See Dunkwu v. Neville, supra*, 575 A.2d at 295 (discussing plaintiff's burden).

For all of these reasons, we find no merit in appellees' argument that this case should be tried in the District of Columbia rather than in Maryland.

10. *Jenkins v. Smith*, 535 A.2d at 1369.

## III

Quite apart from the public-and-private-factor analysis required by *Gulf Oil*, appellees' principal contention, both in the trial court and on appeal, has been that Wyeth's motion to dismiss was not "timely." We disagree.

 It is true that once the parties and the court have expended considerable time, money, and effort preparing for trial, factors in addition to those articulated in *Gulf Oil* may affect a trial court's decision on whether to dismiss for *forum non conveniens*. *See Arthur v. Arthur*, 452 A.2d 160, 162 (D.C.1982); *Cohane v. Arpeja–California, Inc.*, 385 A.2d 153, 157 (D.C.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978). The court "will not be prompted to exercise its discretion in favor of a defendant who raises the objection to forum after the defendant has answered, taken depositions, proceeded to pretrial, and caused the plaintiff to incur expense in preparing for trial." *Wilburn v. Wilburn*, 192 A.2d 797, 801 (1963) (footnote omitted); *see Creamer v. Creamer*, 482 A.2d 346, 353 (D.C.1984) (affirming denial of motion to dismiss made on the morning of trial); *Cohane v. Arpeja–California, Inc., supra*, 385 A.2d at 157 (reversing order granting motion made after trial had begun). This does not mean, however, that there is a time limit within which a defendant may seek dismissal on the ground of *forum non conveniens*; on the contrary, an objection based on *forum non conveniens* may be made at any time. *Creamer v. Creamer*, 482 A.2d at 353. Although we agree that such an objection should be made "with reasonable and appropriate promptness," *Fifth & Walnut, Inc. v. Loew's, Inc.*, 76 F.Supp. 64, 67 (S.D.N.Y.1948), we also agree that delay in filing is just one factor to be considered by the court and, absent very unusual circumstances, should not be given controlling weight. *See Bell v. Louisville & Nashville R.R.*, 106 Ill.2d 135, 146, 478 N.E.2d 384, 389, 88 Ill.Dec. 69, 74 (1985) (rejecting *per se* rule that defendant must move to dismiss within a specific time); *see*

*also Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 250–251, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (no single factor is dispositive). Moreover, since *forum non conveniens* is an equitable doctrine based on considerations of fundamental fairness and justice, *see Lee–Hy Paving Corp. v. O'Connor,* 439 U.S. 1034, 1037, 99 S.Ct. 639, 58 L.Ed.2d 696 (1978) (Powell, J., dissenting from denial of certiorari), delay attributable to the plaintiff should not weigh against granting the defendant's motion. *See Ussery v. Kaiser Foundation Health Plan, supra* note 7, 647 A.2d at 783 (rejecting argument that delay required denial of defendant's motion to dismiss "because the delay of which [plaintiff] complains was not [defendant's] fault").

█ In the instant case, the trial court ruled that Wyeth's motion was "untimely." Arguably, this is a factual finding, at least to some extent, and unless clearly erroneous it must be accepted by this court. *See* D.C.Code § 17–305(a) (1997). However, Wyeth provided the court with compelling evidence—*i.e.,* extracts from depositions and correspondence between the two attorneys— that the filing of Wyeth's motion was delayed by the actions of *appellees'* counsel.[11] Appellees offered no countervailing evidence. Moreover, appellees' counsel was on notice no later than April 12, 1996, that Wyeth was considering a motion "to dismiss for forum," see page 490, *supra,* so that appellees cannot reasonably claim that they were surprised by the motion filed five months later. Thus the trial court's finding of fact, assuming (without deciding) that that is what it was, is refuted by the record.

Appellees cite cases in which delay in filing has been a significant factor in the court's treatment of a *forum non conveniens* motion. *E.g., Jimmerson v. Kaiser Foundation Health Plan, supra,* 663 A.2d at 544; *Deupree v. Le,* 402 A.2d 428, 429 (D.C.1979).[12] Those cases are inapposite here. In *Jimmerson* the motion to dismiss was not filed until after "[d]iscovery was complete, a detailed joint pre-trial statement filed, the pre-trial conference completed, and a trial date selected." 663 A.2d at 545. In the instant case, the only discovery that took place was the exchange and answering of interrogatories and six half-day depositions of a handful of plaintiffs. In *Deupree,* a simple car accident case, a trial date had been set and the parties had exchanged and answered interrogatories. In affirming the denial of a motion to dismiss, the *Deupree* court noted that discovery was not necessary to develop facts to support the motion because the parties knew the situs of the accident and their respective residencies from the outset of the case. 402 A.2d at 429.[13] Also, in both *Jimmerson* and *Deupree,* unlike the instant case, there were at least minimal contacts with the District. *See Jimmerson,* 663 A.2d at 543 (plaintiff lived in the District and received medical treatment in the District from the defendant, a District corporation); *Deupree,* 402 A.2d at 428 (defendant worked in the District).

Thus examined in light of the record as a whole, appellees' claim that Wyeth's motion was "untimely" evaporates. Because the delay of which appellees complain was mainly attributable to them rather than to Wyeth,

11. Wyeth asserted below, and continues to assert on appeal, that it did not file its motion until September 17, 1996, because it was waiting to gather enough evidence to support a *forum non conveniens* motion. *See* Super. Ct. Civ. R. 11(b) (attorney's signature affixed to a motion certifies to the court that "the allegations and factual contentions have evidentiary support"). This assertion is bolstered by the fact that the motion was filed four days after most of the plaintiffs dismissed their claims.

12. Appellees also cite *Group Health Ass'n v. Helmann,* 672 A.2d 1089 (D.C.1996). That opinion, however, was later vacated, 675 A.2d 57 (D.C. 1996), and was withdrawn from publication.

13. Relying on *Deupree,* appellees argue that Wyeth had sufficient information to support its motion from the several sets of answers to interrogatories and therefore should have filed its motion much earlier. This argument ignores the fact that individual plaintiffs were continually dismissing their claims. Moreover, the deposition excerpts in the record demonstrate that Wyeth used this discovery mechanism to ascertain whether a *forum non conveniens* motion was viable and, if so, which plaintiffs it would affect. *See In re Air Crash Disaster,* 821 F.2d 1147, 1166 (5th Cir.1987) (en banc) (dismissal of parties has some bearing on the grant or denial of a *forum non conveniens* motion), *vacated on other grounds,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989).

their argument is without merit. *Ussery, supra* note 7, 647 A.2d at 783.

IV

Cases in which this court reverses a ruling on a motion to dismiss on the ground of *forum non conveniens* are, and should be, quite rare. *See Dunkwu v. Neville, supra,* 575 A.2d at 294 ("we take the unusual step of reversing"); *Jenkins v. Smith, supra,* 535 A.2d at 1370 ("only rarely have we reversed rulings either way"). "[T]here is no set formula for determining when dismissal is warranted because the inquiry is highly fact-specific." *Ussery, supra* note 7, 647 A.2d at 780–781 (citation omitted). In this case, however, we can see no reason whatever for the District of Columbia courts to entertain appellees' suit against Wyeth. We therefore reverse the order of the trial court denying Wyeth's *forum non conveniens* motion and remand with instructions to dismiss the claims of these four appellees, subject to the procedures and conditions set forth in *Mills v. Aetna Fire Underwriters Insurance Co., supra,* 511 A.2d at 15–16.[14]

*Reversed and remanded.*

14. At oral argument, counsel for Wyeth agreed to waive the statute of limitations defense if appel-lees brought suit in Maryland.