**Meekaaeel Abdul Al MALIK, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, et al., Appellees.**

**Nos. 95–CV–963, 96–CV–343.**

District of Columbia Court of Appeals.

Submitted Dec. 12, 1997.

Decided Jan. 8, 1998.

---

Meekaaeel Abdul Al Malik, pro se, with whom Jibril L. Ibrahim, pro se, was on the reply brief, for appellants.

Mary L. Wilson, Assistant Corporation Counsel, with whom Jo Anne Robinson, Interim Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for District of Columbia, appellee.

D'Ana E. Johnson, with whom Morris Kletzkin, Washington, DC, and Mark Crawford, were on the brief, for La Salle County, Texas, appellee.

Before SCHWELB, KING and REID, Associate Judges.

REID, Associate Judge:

This case concerns a *pro se* civil action against the District of Columbia brought by three inmates who were transferred to the La Salle County, Texas jail pursuant to D.C.Code § 24–1001 (1996). La Salle County, brought in as a third-party defendant by the District, filed a motion to dismiss on the ground of improper venue, lack of jurisdiction and *forum non conveniens*. On July 7,

1995, the trial court orally dismissed the action on the ground of *forum non conveniens*. A jacket entry stated, *inter alia*, that the "Deft D.C. may refile claim within 90 days." Subsequently, the inmates filed a "motion for certification of dismissal of defendant District of Columbia from plaintiffs action," claiming a discrepancy between the trial court's oral order and the jacket entry. On February 20, 1996, the trial court granted the motion, indicating that "the jacket entry appears to be incorrect," and that the plaintiffs, not the District, would be allowed to refile the action in the appropriate forum. The inmates appeal from both orders. We reverse and remand for proceedings consistent with this opinion.

## FACTUAL SUMMARY

The three appellants, Meekaaeel Abdul Al Malik, Jibril Ibrahim and Rodney Williams, were incarcerated in the District of Columbia after their convictions for violations of District of Columbia laws. Subsequently, they were transferred to the La Salle County jail.[1] In October 1993, the inmates filed a complaint, which was later amended, alleging, *inter alia*, a denial of meaningful access to the courts, the failure of the District to provide "access to a reasonably adequate law library, books, materials or assistance, [and] institutional clothing"; and "a reasonably ad-

equate safe environment where each would not have been subjected to fear of loss of life and safety."[2] The District brought in La Salle County as a third party defendant.

The District and La Salle County filed motions seeking to dismiss the inmates' claims on substantive or procedural grounds.[3] Decisions regarding these motions were not appealed, except for the one that is now before us, La Salle County's motion to dismiss on jurisdictional and *forum non conveniens* grounds.[4] The District did not file an opposition to this motion in the trial court, nor did the District take a position on the motion during the hearing on July 7, 1995.

Upon reviewing the factors governing decisions about *forum non conveniens*, the trial court granted the motion to dismiss after La Salle County agreed to waive any issue concerning the statute of limitations.[5] The trial court indicated that the plaintiffs had ninety days to refile their complaint in Texas.[6] Subsequently, due to an apparently erroneous jacket entry, the inmates filed a motion designed to make it clear that the plaintiffs, not the defendants, could refile their action in Texas. The trial court noted an apparent error in the jacket, and indicated that the jacket reference should have been to the plaintiffs, not the defendants. The inmates nonetheless also appeal from that order.

1. All three inmates have now left the La Salle County jail. Williams is incarcerated in the State of Ohio, and Malik and Ibrahim in the Lorton Correctional Complex in Virginia.

2. A similar complaint was filed on February 19, 1992 in the United States District Court for the District of Columbia. That complaint apparently was dismissed and the case transferred to Texas on June 23, 1992. On October 1, 1993, the United States District Court for the Southern District of Texas, Laredo Division, dismissed the case with prejudice, upon recommendation of the Magistrate Judge, after the inmates moved voluntarily to dismiss their complaint.

3. For example, the District twice moved to dismiss the inmates' amended complaint, and the trial court granted the motions in part and denied them in part, on other than jurisdictional or procedural grounds, in Orders dated December 1, 1994, and June 6, 1995.

4. The trial court did not rule on the lack of jurisdiction ground. La Salle County also filed a motion for summary judgment on the District's

third party complaint. The record before us does not show that the trial court has disposed of this motion.

5. Although the District was the main defendant in the action, it was not asked to waive the statute of limitations. Moreover, the trial court did not determine whether it had jurisdiction over La Salle County before it ascertained the County's willingness to waive the statute of limitations. In *Eric T. v. National Med. Enter., Inc.*, 700 A.2d 749 (D.C.1997), we said that "in the absence of personal jurisdiction, the trial court was without authority to place such a restriction on any party." *Id.* at 759. However, La Salle County does not challenge this aspect of the trial court's ruling.

6. One of the appellants, Ibrahim, must seek prior approval from a Texas judge in the appropriate federal district before he can file another action in the state of Texas.

## ANALYSIS

■ Although the District took no position in the trial court on La Salle County's motion to dismiss the inmates' complaint, it appears to challenge the trial court's ruling on that motion for the first time on appeal. However, the District had an opportunity to oppose La Salle County's motion to dismiss and to raise issues in the trial court it now seeks to do here. Since it failed to raise these issues in the trial court, the District is barred from raising them for the first time on appeal. *See In re D.A.J.*, 694 A.2d 860, 864 (1997); *Little v. United States*, 665 A.2d 977, 980 (D.C.1995).

The inmates challenge the dismissal of their case on three grounds. First, they argue, the trial court used the wrong standard in dismissing their complaint. In essence, they maintain that because the contract for the incarceration of inmates in La Salle County was executed and approved in the District, and because of the District's statutory duties to inmates under D.C.Code §§ 24–442, 24–425 and 24–1001 *et seq.*, the District is the appropriate forum for their lawsuit. Second, they contend that an earlier trial court ruling denying a motion to dismiss their complaint is the "law of the case." However, the earlier motion did not concern the issue of *forum non conveniens.* Third, they maintain that their case was not properly certified to the trial judge who issued the ruling about which they now complain. They argue that the case should have been certified by the Chief Judge.

■ We consider, first, the issue of the dismissal on the ground of *forum non conveniens.* We have said previously that " 'trial court rulings on *forum non conveniens* motions are entitled to receive considerable deference from this court. We will not reverse such a ruling unless presented with clear evidence that the trial court abused its broad discretion.' " *Eric T. v. National Med. Enter., Inc.*, 700 A.2d 749, 754 (D.C.1997) (quoting *Jenkins v. Smith*, 535 A.2d 1367, 1369 (D.C.1987) (en banc) (per curiam) (other citation omitted)). We look to see whether " 'the [trial] court has considered all relevant public and private interest factors, and where its balancing of those factors is reasonable, its

decision deserves substantial deference.' " *Id.* (quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257, 102 S.Ct. 252, 266, 70 L.Ed.2d 419 (1981)). *See also Carr v. Bio–Medical Applications of Washington, Inc.,* 366 A.2d 1089, 1091–92 (D.C.1976). We do not substitute our judgment for that of the trial court. *Eric T., supra,* 700 A.2d at 754. Indeed, reversal of the trial court on an issue of *forum non conveniens* is an " 'unusual step.' " *Id.* (quoting *Dunkwu v. Neville,* 575 A.2d 293, 294 (D.C.1990)).

Here, we are concerned with inmates who were incarcerated in the District of Columbia until their transfer to Texas, and two of whom have now been returned to the District. In addition, the subject of the inmates' lawsuit is, in part, a contract executed in the District of Columbia to which the District is a party. Moreover, the case involves the District's obligations under District law to inmates who are incarcerated outside the District. However, the actual treatment about which the inmates complain took place in La Salle County; and La Salle County, the other party to the contract, was brought into the inmates' suit as a third party defendant.

Several of the inmates' causes of action have survived motions to dismiss on grounds other than *forum non conveniens:* (1) denial of meaningful access to the courts; (2) Eighth Amendment claim pertaining to denial of institutional clothing; (3) Eighth Amendment claim concerning inmates' fear for their safety; and (4) municipal liability. *See* Orders of the Superior Court, No. 93–CA–13318, December 1, 1994 and June 6 1995. The inmates have alleged that their injuries "were due to the 'deliberate and willful failure, to maintain supervision' by the District of Columbia." Order of December 1, 1994, at 3; and further, they complain that the injuries also resulted from "the District of Columbia's 'systematic failure, as a result of their policies, procedures and practices,' " *Id.* at 4, as well as the "deliberate indifference by District of Columbia officials." *Id.* at 5. The District insists that if there is any liability, it should be imposed on its independent contractor, La Salle County.

■ The trial court sought to apply the public and private factors we have used previously in our cases. *See Jimmerson v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 663 A.2d 540, 543 (D.C.1995). In weighing the relevant private and public interest factors, the trial court concluded that the weight rested with Texas, and thus, plaintiffs should refile their case in Texas. It is not clear whether the trial court was aware of the history of the prior inmate suits filed in the United States District Court for the District of Columbia, and in the United States District Court for the Southern District of Texas, Laredo Division. *See n. 2, supra.* In that regard, the trial court may not have fully examined an important principle articulated in our prior cases: " '[a] prerequisite for application of the doctrine of *forum non conveniens* is the availability of an alternative forum in which plaintiff's action may more appropriately be entertained.' " *Eric T., supra,* 700 A.2d at 758 (citation omitted).

Furthermore, it is not apparent that the trial court actually applied yet another important principle found in our prior cases concerning the doctrine of *forum non conveniens,* although it may have brushed over it lightly. In *Jimmerson, supra,* we reiterated that:

> ... When the plaintiff is a resident of this jurisdiction, the defendant who seeks dismissal faces a heavy task: "only under convincing circumstances ... should a trial court in this jurisdiction dismiss on grounds of forum non conveniens a suit brought by a resident of the District of Columbia."

*Id.* at 542–43 (quoting *Jenkins, supra,* 535 A.2d at 1370). We have also said that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Ussery v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.,* 647 A.2d 778, 780 (D.C.1994) (citation omitted). In addition, "[a]lthough a plaintiff's residency in the District is not enough by itself to require reversal of a trial

court's dismissal on *forum non conveniens* grounds for abuse of discretion, it is an extremely significant factor favoring the exercise of jurisdiction by the courts of the District." *Jimmerson, supra,* 663 A.2d at 544 (citation omitted).

The trial court appeared to recognize that the residency of the inmates could prove troublesome to its analysis: "The Court did consider the fact that the plaintiffs were involuntarily transferred to Texas.[7] I found that a very difficult issue to wrestle with, that the plaintiffs are prisoners and were transferred to Texas." The trial court apparently did not, however, focus on the legal implications of the inmates' status as District residents. Moreover, the trial court seems to have overlooked the fact that the original defendant in this case is the District, that the inmates brought claims based, *inter alia,* on the District's "deliberate indifference" to its prisoners and its alleged deliberate, willful and systematic failure to maintain supervision over them, and that the inmates' complaint did not name La Salle County at all. In short, both the plaintiffs and the main defendant in this action are District residents.

During the July 7 hearing, the inmates maintained that their charges were against the District, not La Salle County. The trial court responded: "The allegations are basically against La Salle.... It's what they failed to do, not what the District failed to do. It's what La Salle failed to do?" One of the inmates replied in part: "Well, I think there would be culpable negligence here. The District would be just as much to blame as La Salle would. The contract states that we will forever remain under [the District's] jurisdiction and [its] authority." The trial court responded in part: "in weighing the factors, it was the Court's view that since everything grew out of the State of Texas, that it's really a matter that should be handled there."

■ Because the trial court did not directly apply the principle that "only under convincing circumstances ... should a trial court in this jurisdiction dismiss on the

---

7. The inmates' amended complaint, filed in February 1995, specifies that they are all District of Columbia residents.

grounds of *forum non conveniens* a suit brought by a resident of the District of Columbia," *Jimmerson, supra,* at 544, and because the trial court apparently overlooked the fact that the District is the main defendant in this case while La Salle County is a third party defendant, we are constrained to reverse the trial court's judgment, and to remand the matter for reconsideration in light of the fact that the inmates are District residents who have alleged claims against the District, and who may not have an appropriate alternative forum for their lawsuit.[8]

Accordingly, for the foregoing reasons, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

*So ordered.*

**8.** The inmates' second argument, that an earlier trial court ruling denying a motion to dismiss their complaint is the "law of the case" with respect to the *forum non conveniens* issue, has no merit. Neither the December 1, 1994, nor the June 6, 1995, Order of the trial court addressed the issue of *forum non conveniens*. Consequently, neither Order bars the trial court decision that is now before us. Similarly, the inmates' third contention, that their case was not properly certified by the Chief Judge of the Superior Court to the trial judge who issued the order that is at issue here, apparently was not raised in the trial court and is meritless.